**TOWNSHIP OF PENN, York County, Pennsylvania, Appellant,**

v.

**Bradley V. SEYMOUR.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1997.

Decided Feb. 24, 1998.

---

Walter A. Tilley, III, York, for appellant.

Judith Koper Morris, Hanover, for appellee.

Before DOYLE and LEADBETTER, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

The Township of Penn appeals an order of the Court of Common Pleas of York County, which vacated an order of a District Justice entering judgment against Bradley Seymour for violating the Township's zoning ordinance.

Seymour owns four Rottweiler dogs which he houses in a fenced area located in the backyard of his residence. He breeds two of the dogs once each year and sells the puppies when they are eight weeks old. Seymour's residence is located in the Township's R–15 Suburban Residential zoning district. Single family homes and group homes are permitted by right in the R–15 zone; various other uses, primarily personal service, professional, and public service uses, are permitted by special exception. Section 203.2 of the Penn Township Zoning Ordinance (Ordinance).

The Township received complaints that Seymour had an excessive number of dogs on his property and was breeding dogs. On May 21, 1996, the Township's zoning officer issued a notice of violation to Seymour for operating a kennel in a residential zone. The Township's zoning ordinance defines the term "kennel" in part as a building or land used for the boarding or breeding of four or more dogs. Section 103.3 of the Ordinance. It is undisputed that kennels are not a permitted use in the R–15 zoning district.

On July 11, 1996, Seymour filed an application with the Township's Zoning Hearing Board (ZHB) for a variance to allow him to maintain a kennel on his property. The ZHB denied the application on August 14, 1996. Seymour, however, continued to operate the kennel, and on November 21, 1996, the zoning officer issued a second notice of violation for operating a kennel in a residential zone. The notice included, *inter alia*, the following language:

> FAILURE TO COMPLY WITH THIS NOTICE WITHIN THE TIME SPECIFIED CONSTITUTES A VIOLATION. EACH DAY· THAT A VIOLATION CONTINUES WILL CONSTITUTE A SEPARATE VIOLATION.... *YOU HAVE THE RIGHT TO APPEAL TO THE ZONING HEARING BOARD. SAID APPLICATION FOR APPEAL SHALL BE FILED WITH THE TOWNSHIP ZONING OFFICER BY THE DATE CORRECTIVE ACTION WAS TO HAVE BEEN COMPLETED.* (Emphasis added.)

Seymour did not correct the violation, nor did he appeal the notice of violation to the ZHB.

On December 27, 1996, the Township filed a zoning enforcement complaint against Seymour with the District Justice. After a hearing, the District Justice entered a judgment against Seymour in the amount of $750.00 plus costs. The District Justice further ordered that, if the zoning violation continued after March.2, 1997, judgment in the amount of $250.00 per day would be imposed.

Seymour appealed the District Justice's order to the Common Pleas Court, and, in accord with Pa. R.C.P.D.J. No. 1004(B),[1] a rule was entered directing the Township to file a complaint. The Township filed a complaint seeking both a penalty and fine as well as an injunction directing Seymour to cease and desist from operating a kennel. In response, Seymour filed preliminary objections challenging the constitutionality of the Ordi-

---

1. Rule 1004(B) provides as follows:

    If the appellant was the defendant in the action before the district justice, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of judgment non pros.

nance, the validity of the enforcement action, and asserting that the Ordinance was preempted by state statute. The Township filed preliminary objections to Seymour's preliminary objections, in which it argued that the Common Pleas Court did not have subject matter jurisdiction over the issues raised by Seymour because he never appealed the November 21, 1996 violation notice to the ZHB.

Common Pleas determined that the violation notice issued by the zoning officer did not fully inform Seymour of his right to appeal to the ZHB and, for that reason, vacated the District Justice's order. The court noted that, when zoning enforcement actions are litigated, the zoning hearing board determines whether a zoning violation has occurred, and the penalty is decided and imposed by a district justice. *Johnston v. Upper Macungie Township*, 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994). The Court explained:

> [I]t is the Court's opinion that this [violation] notice is not sufficient as the law has been modified by *Johnston*.... A notice merely stating that a defendant has the right to file an appeal to the Zoning Hearing Board does not begin to inform a defendant that the failure to do so results in a binding determination that he has committed a violation. In fact, the use of the term "appeal" itself is misleading. It would be more appropriate to inform a defendant that he is entitled to request a hearing as to whether the defendant is in violation. More important[ ], the notice should state that the failure to request a hearing creates a binding determination that the defendant is in violation. Since the revised procedure established by *Johnston* ... is little known to lawyers and municipal officials, let alone the general public, most defendants would be deprived of their day in court unless this hybrid procedure ... is adequately explained to them.
>
> ....
>
> Since the Court has determined that the Township's notice was defective, the Court hereby finds that the District Justice had no jurisdiction to hear this enforcement

action. Even though the defendant did not raise that objection, jurisdiction is a matter that can be addressed by the Court on its own motion. Therefore, the Court finds that the District Justice had no jurisdiction to hear the Complaint because of the lack of a proper notice, and therefore the proceedings of the District Justice should be vacated.

(Common Pleas Court Opinion at 4–6.)

Further, the Common Pleas Court determined that the procedure for filing a complaint under Pa. R.C.P.D.J. No. 1004(B) was not applicable in this matter. The Court concluded that, because the issues in zoning enforcement appeals are limited to whether the violation has been discontinued and the amount of the civil penalty, there is no need for pleadings, and the matter may be treated in a manner similar to a summary criminal appeal. This appeal by the Township followed.

The Township contends that (1) the notice of violation was legally and factually sufficient to inform Seymour of his appeal rights, (2) Seymour's failure to appeal to the ZHB waived his challenges to the constitutionality, validity, and enforceability of the Ordinance, and (3) the Common Pleas Court erred in concluding that Pa. R.C.P.D.J. No. 1004(B) was not applicable to Seymour's appeal from the District Justice. We agree with each of the Township's contentions.

Formerly, municipalities enforced zoning ordinances by instituting a summary criminal action before a district justice. *Plains Township v. Krasner*, 7 Pa.Cmwlth. 56, 298 A.2d 627 (1972); *Commonwealth v. Joki*, 330 Pa. Superior Ct. 406, 479 A.2d 616 (1984). The district justice's decision could be appealed to a common pleas court, which heard the case de novo. *Township of Vanport v. Brobeck*, 22 Pa.Cmwlth. 523, 349 A.2d 523 (1975). In 1988, however, the General Assembly changed this procedure. Zoning enforcement proceedings are now commenced by a municipality sending an enforcement notice to the landowner in accordance with Section 616.1 of the Pennsylvania Municipali-

ties Planning Code (MPC).[2] When a landowner has been given notice of a zoning violation under Section 616.1 of the MPC:

> [the] landowner can contest the asserted violations only by way of appeal to the municipality's zoning hearing board and cannot merely defend the charge when the municipality seeks ordinance violation fines before a district justice. *Johnston v. Upper Macungie Township,* [162 Pa.Cmwlth. 170] 638 A.2d 408 (Pa.Cmwlth.1994). In *Johnston,* we explained that zoning hearing boards have exclusive jurisdiction over ordinance violation determinations, and, therefore, a landowner's failure to appeal a Section 616.1 zoning violation notice to the zoning hearing board is fatal and results in a conclusive determination of guilt for which a district justice may impose sanctions under Section 617.2 of the MPC. For this reason, we held that a district justice may not conduct a *de novo* review of the merits of a violation notice where the landowner *has not gone first to the zoning hearing board;* rather in that situation, upon the municipality's showing that no appeal was taken by the landowner, a district justice is limited to imposing a fine pursuant to Section 617.2 of the MPC [, 53 P.S. § 10617.2].

*City of Erie v. Freitus,* 681 A.2d 840, 842 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 738, 690 A.2d 238 (1997) (emphasis in original).

The Township first contends that the Common Pleas Court erred in holding that the notice of violation was insufficient as a matter of law to advise Seymour of his rights. Specifically, the Township argues that, contrary to the MPC, the Court erroneously concluded that the notice of violation had to explain the "hybrid" procedure outlined in *Freitus* and *Johnston* and that the failure to appeal the notice to the ZHB, would result in

a binding determination that the Ordinance was violated. This argument is well taken.

Section 616.1(5) of the MPC requires a municipality to include in a violation notice a statement that "the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance." Nothing in Section 616.1 requires a municipality to explain to a landowner the consequences of failing to file such an appeal or to outline the procedures articulated in *Johnston* and *Freitus.*

■ The Township's November 21, 1996 notice of violation was in compliance with Section 616.1 of the MPC. The notice informed Seymour that he had a right to appeal to the ZHB, and no further explanation of Seymour's appeal rights was required by the MPC. Although the information mandated by the Common Pleas Court might be valuable to a defendant/landowner, a court may not graft additional provisions onto a statute which the General Assembly did not see fit to include. *Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 213 A.2d 277 (1965). Therefore, Common Pleas erred in holding that the notice of violation was insufficient.

Next, the Township contends that Seymour waived his right to raise issues regarding the constitutionality and enforceability of the Ordinance because he failed to appeal the notice of violation to the ZHB. Again, we agree.

■ If a landowner does not appeal a zoning violation notice to the zoning hearing board, the failure to appeal renders the violation notice unassailable. *Freitus.* Therefore, in the event a landowner does not appeal to the zoning hearing board and the municipality files an enforcement action with a district justice, neither the district justice nor a common pleas court may conduct a de

---

**2.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10616.1. Under Section 616.1 of the MCP, an enforcement notice must contain the following information: (1) the name of the owner of record of the parcel where the zoning violation occurred; (2) the location of the property; (3) the specific violation and a description of the requirements that have not been met; (4) the date when compliance must be completed; (5) that the recipient of the notice has the right to appeal to the zoning hearing board, and (6) that failure to comply with the violation notice constitutes a violation and will result in sanctions. Section 616.1 was added to the MPC by Section 62 of the Act of December 21, 1988, P.L. 1329.

novo review of the question of whether the landowner violated the zoning ordinance. *Id.* In that circumstance, the only question before the district justice and the Common Pleas Court is whether the penalty imposed for the violation was proper. *Id.*

■ Applying these principles to the instant case, we observe that Seymour filed preliminary objections to the Township's complaint challenging the constitutionality, validity and enforceability of the Ordinance. However, Seymour's failure to appeal the notice of violation to the ZHB precluded any inquiry into those issues, and, accordingly, those issues were waived.

Finally, the Township argues that the Common Pleas Court erred in concluding that the Township should not have followed the appeal procedure under Pa. R.C.P.D.J. No. 1004(B). The court concluded that the procedure under Pa. R.C.P.D.J. No. 1004(B), which requires the appellee to file a complaint where the appellant was the defendant in the district justice action, was inapplicable in zoning enforcement cases. Specifically, the court stated that no pleadings were necessary and that it had adopted procedures for hearing zoning violation appeals that mirror those used in summary criminal proceedings. We disagree with Common Pleas' analysis.

The General Assembly, in the Act of December 21, 1988, P.L. 1329, repealed Section 616 of the MPC, 53 P.S. § 10616, which provided that zoning ordinances were to be enforced through summary criminal proceedings. Under Section 616, a violator could be imprisoned for a maximum of 60 days for failing to pay a fine.

By repealing Section 616, the General Assembly decriminalized zoning enforcement actions. Now, Section 617.2 of the MPC, 53 P.S. § 10617.2, provides for the following enforcement remedies:

Any person ... who ... has violated ... the provisions of any zoning ordinance ... shall, upon being found liable therefor in a *civil enforcement proceeding* commenced by a municipality, pay a judgment of not more than $500 plus all court costs.... If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment *pursuant to the applicable rules of civil procedure.* ... (Emphasis added.)

Imprisonment is not an available remedy under Section 617.2 of the MPC. In addition, our review of the Ordinance reveals that imprisonment is not a possibility for the violation of its provisions, and that the penalties imposed under the Ordinance are substantially the same as Section 617.2 of the MPC.

The procedure favored by the Common Pleas Court is similar to the summary appeal standards in the Rules of Criminal Procedure. The rule governing appeals from summary judgments, Pa. R.Crim. P. 86(a), provides:

When an appeal is authorized by law in a summary proceeding, *including a prosecution for a violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine,* an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction ... and by appearing in the court of common pleas for a trial *de novo.* The notice of appeal shall be filed with the clerk of courts. (Emphasis added.)

In light of Section 617.2 of the MPC, the appeal procedure in Pa. R.Crim. P. 86(a) is inapplicable to zoning enforcement matters, because the MPC's civil enforcement procedure does not allow imprisonment as a sanction in any circumstance. *Cf. City of Philadelphia v. Pennrose Management Co.,* 142 Pa.Cmwlth. 627, 598 A.2d 105 (1991) (when violation of a municipal ordinance may result in a fine or imprisonment, the enforcement of such ordinances must follow the Rules of Criminal Procedure, regardless of the fact that the action is technically civil), *petition for allowance of appeal denied,* 530 Pa. 661, 609 A.2d 169 (1992).

■ When a party takes an appeal from an order of a district justice involving the violation of a local ordinance, and the ordinance does not provide for incarceration, the appeal must be perfected under the Rules of Civil Procedure Governing Actions and Proceedings Before District Justices, and not the summary criminal appeal provisions of the

Rules of Criminal Procedure. *Common-wealth v. Carter*, 36 Pa.Cmwlth. 569, 377 A.2d 831 (1977), *modified on reargument*, 36 Pa.Cmwlth. 569, 389 A.2d 241 (1978);[3] *City of Easton v. Marra*, 230 Pa. Superior Ct. 352, 326 A.2d 637 (1974).

■ Therefore, for all of the above reasons, we conclude that civil appeal procedures in Pa. R.C.P.D.J. 1004 are applicable to a zoning enforcement appeal from an order of a district justice. The Common Pleas Court erred in determining that the Township should not have filed a complaint as required by Pa. R.C.P.D.J. 1004(B), and, instead, used a summary procedure analogous to Pa. R.Crim. P. 86.[4]

Accordingly, the Common Pleas Court's order is reversed.

### ORDER

NOW, February 24, 1998, the order of the Court of Common Pleas of York County in the above-captioned matter is· hereby reversed.

---

**3.** Although our order was modified on reargument, this Court, sitting en banc, agreed with the prior panel's conclusion that the appeal was civil in nature. *Carter*, 389 A.2d at 242; *see also Borough of McAdoo v. Lawn Specialties*, 120 Pa. Cmwlth. 120, 547 A.2d 1297 (1988).

**4.** In *Commonwealth v. Harchelroad*, 154 Pa. Cmwlth. 259, 623 A.2d 878, *petition for allowance of appeal denied*, 535 Pa. 649, 633 A.2d 153 (1993), we determined that, although the proceeding filed with the district justice by the code enforcement officer following a notice of violation issued by the township was technically denominated a "criminal complaint," there was no prejudice to the appellant/property owner be-

cause the case was "simply an appeal from a summary conviction for the violation of [the] illegal commercial use of property zoned R–2 single family Residential .... no more, no less." *Id.* 623 A.2d at 881. We held that, because Harchelroad had ignored the Notice of Violation and had failed to appeal to the Zoning Hearing Board, which had exclusive jurisdiction under the procedures set out in the MPC, he became subject to the enforcement proceeding where his equitable defenses (laches) were not available. *Id.* at 881, n. 5. Any interpretation of the dicta in the *Harchelroad* opinion to the contrary is simply incorrect.