LOWER SOUTHAMPTON TOWNSHIP

v.

**Margaret DIXON and Joseph Dixon, Appellants.**

Commonwealth Court of Pennsylvania.

Argued May 15, 2000.

Decided July 17, 2000.

Joseph M. Adams, Doylestown, for appellants.

Catherine Ann Porter, Newtown, for appellee.

Before DOYLE, President Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Margaret and Joseph Dixon (together, the Dixons) appeal from an order of the Court of Common Pleas of Bucks County (trial court) fining them $10 a day for violating the zoning ordinance of Lower Southampton Township (Township). We affirm.

The Dixons own and reside in a house in the Township. (Trial court op. at 1.) Joseph Dixon also owns eight classic Ford automobiles (years 1954–1976), which he stores on his property. (N.T. at 40; R.R. at 138a.) As a result, on September 16, 1996, the Township issued a notice (Zoning Violation Notice) charging the Dixons with violating chapter 27 section 2015 part 3 of the Township's zoning ordinance, which makes it "unlawful for any person to use premises in a residential district for a ... warehouse." (R.R. at 159a.) The Zoning Violation Notice gave the Dixons thirty days to appeal the alleged violation to the Township zoning hearing board (ZHB). (R.R. at 161a.) Although the Dixons received a copy of the Zoning Violation Notice, they did not appeal to the ZHB. (N.T. at 15, 43; R.R. at 113a, 141a.)

Pursuant to section 617.2 of the Pennsylvania Municipalities Planning Code (MPC),[1] the Township brought a civil enforcement proceeding against the Dixons before a district justice, seeking assessment of fines and penalties. (Trial court op. at 1.) On April 11, 1997, the district justice found in favor of the Township and assessed a $500 fine, as well as $34.50 for court costs, against the Dixons. (O.R.# 1.) The Dixons appealed to the trial court, and the Township filed a civil complaint seeking a fine of $500 per day from September 16, 1996. (R.R. at 5a, ¶ 12.) In response, the Dixons asserted that, despite their failure to appeal the Zoning Violation Notice to the ZHB, they were entitled to litigate the validity of the Zoning Violation Notice before the trial court. The Dixons claimed

---

1. Act of July 31, 1968, P.L. 805, added by section 62 of the Act of Dec. 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10617.2. Section 617.2(a) provides in pertinent part:

 Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the district justice. If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure. Each day that a violation continues shall constitute a separate violation, unless the district justice determining that there has been a violation further determines that there was a good faith basis for the person, partnership or corporation violating the ordinance to have believed that there was no such violation, in which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination of a violation by the district justice and thereafter each day that a violation continues shall constitute a separate violation.

that they did not appeal to the ZHB from the Zoning Violation Notice because the Township requires an exorbitant[2] and nonrefundable[3] filing fee for such appeals. The Dixons further claimed that, by charging this filing fee, the Township violated Article I, section 11 of the Pennsylvania Constitution[4] and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.[5] (R.R. 11a, ¶ 18.)

Without addressing the Dixons' claim relating to the unconstitutionality of the Township's filing fees, the trial court ruled in favor of the Township but reduced the fine from $500 to $10 per day from the date of its order. (Trial court op. at 3.) In deciding against the Dixons, the trial court relied upon *City of Erie v. Freitus,* 681 A.2d 840 (Pa.Cmwlth.1996), *appeal denied,* 547 Pa. 738, 690 A.2d 238 (1997), and *Johnston v. Upper Macungie Township,* 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994),[6] for the proposition that the Dixons' failure to appeal the Zoning Violation Notice to the ZHB restricted the trial court's inquiry to the appropriateness of the fines imposed. (Trial court op. at 2.)

2. The basic filing fee is $625 plus an escrow deposit of $100. (R.R. at 163a.) Constitutional challenges require a filing fee of $1,500, plus an escrow deposit of $3,500. (R.R. at 163a.) The $1,500 filing fee covers "expenses associated with one two-hour evening meeting" before the ZHB. (R.R. at 163a.) The $3,500 escrow deposit is to cover expenses of "additional meetings or cost of other services deemed necessary by the [ZHB]." (R.R. at 163a.) If the escrow deposit is insufficient, the applicant is required to pay additional sums, but any surplus escrow funds are refunded to the applicant at the conclusion of the case. (R.R. at 163a.)

Although the Dixons argue that they would have to pay the higher fees chargeable for raising a constitutional challenge, they did not raise a constitutional challenge to the zoning ordinance violation. Rather, their constitutional challenge is limited to the reasonableness of the filing fees. Thus, the Township argues that the Dixons would have been required to expend only the $625 filing fee plus the $100 escrow deposit. (*See* Township's brief at 9.) However, had the Dixons asserted the challenge to the constitutionality of the zoning ordinance's fee provisions, it appears that they could have been required to pay the higher filing fee and escrow deposit associated with constitutional challenges.

3. During the time period in which the Dixons could have appealed to the ZHB, section 616.1 of the MPC, added by section 60 of the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10616.1, did not provide for a refund of the filing fee to landowners who prevailed. However, the MPC was subsequently amended on December 18, 1996 to provide for such a refund. *See* section 2 of the Act of Dec. 18, 1996, P.L. 1102. Section 616.1(e) of the MPC, 53 P.S. § 10616.1(e), now provides: "Any filing fee paid by a party to appeal an enforcement notice to the zoning hearing board shall be returned to the appealing party by the municipality if the zoning hearing board or any court in a subsequent appeal rules in the appealing party's favor."

4. Article I, section 11 of the Pennsylvania Constitution provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale . . . ."

5. "Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses." *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir.1993) (quoting *Chrissy F. v. Mississippi Department of Public Welfare,* 925 F.2d 844, 851 (5th Cir.1991)). In *Johnson,* the court ruled that a $600 fee for a prisoner to file a civil rights suit did not unconstitutionally interfere with his meaningful access to the courts because the prisoner did not claim that he was indigent or that he could not afford court costs. Similarly, here, the Dixons have not claimed indigence or inability to pay the fee. (*See* Dixons' reply brief at 8.) In *Johnson,* the court also rejected the prisoner's equal protection claim, explaining that the fees were determined by a schedule applicable to all litigants and that it is not the court's role to say that the fees are unequal because a claim is made that they are unfair. Here, we note that the Dixons have not claimed that the Township's fee schedule was not equally applicable to all persons.

6. In *City of Erie* and *Johnston,* we held that, if a landowner fails to appeal an ordinance violation notice to the zoning hearing board, the violation is conclusively established and is

On appeal,[7] the Dixons argue that the trial court erred in failing to address their argument that the Township's filing fees are unconstitutional. They contend that the trial court should have found that the filing fees violate the state and federal constitutions and that, as a result, the Dixons were not required to appeal the Township's Zoning Violation Notice to the ZHB. Thus, they assert that the trial court committed an error of law in holding that the Dixons were barred from litigating the underlying zoning violation in the trial court. We disagree. Rather, we conclude that the Dixons waived both their right to argue that the Township's filing fees are unconstitutional and their right to litigate the underlying zoning violation due to their failure to raise those issues before the ZHB. See *Township of Penn v. Seymour*, 708 A.2d 861 (Pa.Cmwlth.), *appeal denied*, 555 Pa. 749, 725 A.2d 1224 (1998).

In *Township of Penn*, the township issued a zoning ordinance violation notice to a landowner, and the landowner did not appeal to the zoning hearing board. Thereafter, the township filed a zoning enforcement complaint against the landowner with a district justice, who entered judgment against the landowner. On appeal to the trial court, the landowner challenged the constitutionality of the ordinance. On further appeal to this court, we determined that the landowner's failure to challenge the constitutionality of the ordinance before the zoning hearing board rendered "the violation notice unassailable." *Id.* at 864. The same result must follow here.[8]

In this case, the ZHB was in the best position to first consider whether the Township's fee was unconstitutional,[9] excessive or unreasonable.[10] Indeed, as noted in *Sea and Sage Audubon Society, Inc. v. Planning Commission of City of Anaheim*, 34 Cal.3d 412, 421, 194 Cal.Rptr. 357, 668 P.2d 664, 669 (1983), whether a filing fee is excessive or unreasonable "cannot properly be resolved in the abstract." In *Sea and Sage Audubon Society*, the California Supreme Court explained that the failure of the appellant to develop an evidentiary record precluded the supreme court from being able to determine (1) the full range or nature of the administrative services and functions properly covered by the filing fee, (2) the reasonable cost of such services and functions

---

rendered binding and unassailable in further proceedings.

7. Generally, our scope of review in zoning cases is whether the zoning hearing board committed an abuse of discretion or an error of law. *See Baker v. Chartiers Township Zoning Hearing Board*, 677 A.2d 1274 (Pa. Cmwlth.1996), *appeal denied*, 547 Pa. 738, 690 A.2d 238 (1997). However, here, where there was no appeal to the ZHB, our scope of review is whether the trial court committed an abuse of discretion or an error of law. *See Commonwealth v. Marcus*, 690 A.2d 842 (Pa. Cmwlth.1997).

8. In *Township of Penn*, the landowner challenged an ordinance containing a substantive requirement. The fact that the Dixons challenged an ordinance containing a procedural requirement, however, does not compel a different result.

9. Zoning hearing boards regularly consider constitutional challenges to the validity of their municipalities' ordinances.

10. Section 617.3(e) of the MPC, added by section 62 of the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10617.3(e), permits municipalities to "prescribe reasonable fees with respect to the administration of a zoning ordinance and with respect to hearings before the zoning hearing board. Fees for these hearings may include compensation for the secretary and members of the zoning hearing board, notice and advertising costs and necessary administrative overhead connected with the hearing. The costs, however, shall not include legal expenses of the zoning hearing board, expenses for engineering, architectural or other technical consultants or expert witness costs." We note that the Dixons have not argued that the filing fees are unreasonable under the MPC (*see, e.g., Golla v. Hopewell Township Board of Supervisors*, 69 Pa. Cmwlth. 377, 452 A.2d 273 (1982)) but only that the filing fees are unconstitutional. However, the Dixons rely on cases addressing the reasonableness of filing fees under the MPC in support of their argument that the filing fees are unconstitutional. (*See* Dixons' brief at 15–16.)

or (3) whether the fee structure bears a reasonable relationship to such costs. Similarly, here, the Dixons' failure to raise this issue before the ZHB has resulted in the lack of an evidentiary record with respect to the reasonableness of the Township's filing fees.

We note that the Dixons were not without recourse. They could have filed their appeal with the ZHB and paid the filing fee under protest. Alternatively, they could have submitted their appeal to the ZHB without the filing fee by setting forth their assertion that the fee was unconstitutional or unreasonable under the MPC. Had the ZHB refused to accept their appeal without the filing fee, the Dixons could have appealed the reasonableness of the filing fee to the trial court. In light of these options, we cannot permit the Dixons to completely bypass the ZHB. To hold otherwise would deprive the ZHB of any opportunity to consider, in the first instance, a challenge to its zoning ordinance and would encourage other landowners to forego appeals to their zoning hearing boards by raising the unreasonableness of the municipality's filing fee in response to enforcement proceedings before a district justice or trial court. We refuse to do so.

The Dixons also argue, relying upon *Commonwealth v. Marcus*, 690 A.2d 842 (Pa.Cmwlth.1997), that landowners in zoning enforcement proceedings should be afforded the same protection as criminal defendants under the Pennsylvania Rules of Criminal Procedure and, thus, should not be required to pay *"any* filing fees" to assert a defense. (Dixon's brief at 14) (emphasis original.) Again, we disagree.

In *Marcus*, this court did state that defendants in civil zoning enforcement proceedings are entitled to "the same protection as ... criminal defendants under the Pennsylvania Rules of Criminal Proce-

dure." *Marcus*, 690 A.2d at 845 n. 5. However, approximately a year after our decision in *Marcus*, in *Town of McCandless v. Bellisario*, 551 Pa. 83, 709 A.2d 379 (1998), our supreme court made clear that the Rules of Criminal Procedure apply only to those cases enforcing zoning ordinance violations where imprisonment is a possible penalty.[11] Our supreme court explained:

> While the enforcement of municipal ordinances *that provide for imprisonment upon conviction or failure to pay a fine or penalty* must follow the Rules of Criminal Procedure, the same is not true for municipal ordinances *that do not provide for imprisonment upon conviction or failure to pay a fine or penalty,* which, by definition, are not Penal Laws, and are therefore not included in the definition of "criminal proceedings." Pa. R.Crim.P. 3.

*Id.* at 87, 709 A.2d at 381. Thus, our supreme court held: "The higher degree of protection provided by the Rules of Criminal Procedure does not apply to municipal ordinance enforcement actions where imprisonment is not a remedy for a conviction or failure to pay a fine." *Id.* Because section 617.2 of the MPC, 53 P.S. § 10617.2, only provides for the imposition of a fine, and not imprisonment, for violation of the provisions of any zoning ordinance, our supreme court concluded that the Rules of Criminal Procedure were inapplicable to enforcement proceedings brought under that section. *Id.*

Accordingly, the Dixons are not entitled to the same protections or procedures as criminal defendants. Rather, the rules of civil procedure apply to actions brought by municipalities to enforce zoning violation notices pursuant to section 617.2 of the

---

11. Some confusion followed the 1988 amendments to the MPC. Prior to that time, "municipalities enforced zoning ordinances by instituting a summary criminal action before a district justice. The district justice's decision could be appealed to a common pleas court, which heard the case de novo. In 1988, however, the General Assembly changed this procedure." *Township of Penn,* 708 A.2d at 863 (citations omitted).

MPC, 53 P.S. § 10617.2, before the courts of common pleas.[12]

For the foregoing reasons, we affirm the order of the trial court.

ORDER

AND NOW, this 17th day of July, 2000, the order of the Court of Common Pleas of Bucks County, dated April 5, 1999, is hereby affirmed.

12. In *Township of Penn*, 708 A.2d at 863–64 (citations omitted) (footnote omitted) (emphasis added), we articulated the current procedure leading up to the filing of enforcement proceedings in the courts of common pleas:

Zoning enforcement proceedings are now commenced by a municipality sending an enforcement notice to the landowner in accordance with Section 616.1 of the [MPC]. **When a landowner has been given notice of a zoning violation under Section 616.1 of the MPC[, the] landowner can contest the asserted violations only by way of appeal to the municipality's zoning hearing board and cannot merely defend the charge when the municipality seeks ordinance violation fines before a district justice. . . .** [Z]oning hearing boards have exclusive jurisdiction over ordinance violation determinations, and, therefore, a landowner's failure to appeal a Section 616.1 zoning violation notice to the zoning hearing board is fatal and results in a conclusive determination of guilt for which a district justice may impose sanctions under Section 617.2 of the MPC. For this reason, . . . a district justice may not conduct a *de novo* review of the merits of a violation notice where the landowner *has not gone first to the zoning hearing board*; rather in that situation, upon the municipality's showing that no appeal was taken by the landowner, a district justice is limited to imposing a fine pursuant to Section 617.2 of the MPC. . . .