IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :    **CASES CONSOLIDATED**
                                  :
           v.                       :    Nos.  499 C.D. 2021
                                    :           555 C.D. 2021
Donald Litman,               :
            Appellant      :

Commonwealth of Pennsylvania   :
                                    :
           v.                       :    Nos.  525 C.D. 2021
                                    :           554 C.D. 2021
Celia Litman,                 :    Argued: March 10, 2022
            Appellant      :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT               FILED: May 6, 2022

        Donald and Celia Litman (Landowners) appeal two orders[1] of the Court of Common Pleas of Montgomery County (trial court) that denied their appeals of two judgments of the Magisterial District Court holding them liable for not obtaining a permit for the accessory structure on their residential property, in violation of Towamencin Township's Zoning Ordinance.[2] Accordingly, the trial court ordered Landowners to remove the accessory structure, which was a trailer, upon penalty of

---

[1] Landowners appealed the trial court's November 2, 2020, and December 8, 2020, orders. On June 17, 2021, this Court granted Landowners' Application for Consolidation of Appeals.

[2] TOWAMENCIN TOWNSHIP ZONING ORDINANCE of 1956, *as amended* by Ordinance No. 95-10 of 1995 (ZONING ORDINANCE), §§153-100—153-1301.

a fine of $10,000 and $500 for each day the trailer remained on the property. On appeal, Landowners argue that the Township's zoning violation notice was invalid because it did not sufficiently describe the violation or its consequences; the zoning officer did not have authority to initiate criminal proceedings against Landowners; and the trailer on Landowners' property was not an accessory structure. After review, we affirm the trial court.

## Background

Landowners own a single-family detached residence located at 43 Saratoga Lane, Harleysville, in Towamencin Township, Montgomery County. In 2019, Landowners built a new driveway on which they placed a trailer. They attached utilities to the trailer and constructed a plywood deck to facilitate access to the trailer from the house. The Township concluded that the trailer was "an accessory structure," for which Landowners had not obtained a permit. On August 9, 2019, the Township's Zoning Officer, Jennifer Guckin, sent a violation notice to Landowners, which stated:

> The Township has observed that an accessory structure has been constructed and/or placed on your property. A permit was not obtained for this project. Construction without a permit is in violation of []Section 153-204 of the Towamencin Township Zoning Code[.]

Reproduced Record at 224 (R.R. __). The violation notice further stated:

> The township is requiring you to obtain a permit or remove the structure and cease any work being done upon receipt of this notice.
>
> The Township is ordering you to correct these violations within 10 days of the date of this notice. Failure to comply with this notice will result in the Township taking legal action, which will

2

> include the filing of citations with the District Justice[3] seeking fines and/or penalties of up to $500.00 for each violation, each and every day a violation continues is deemed a separate offense.

*Id.* (emphasis in original).

The violation notice explained that Landowners had a right to appeal the notice to the Township's Zoning Hearing Board (Zoning Board) and provided directions on how to file such an appeal. Specifically, it stated:

> **Appeal Rights:** You have the right to appeal this notice to the [Zoning Board] within thirty (30) days from the above date. This notice is for Zoning Ordinance Violations only. Such appeals must be via the [Zoning Board] application process. Applications may be obtained at the Towamencin Township Municipal Building between the hours of 8:00am through 4:30pm Monday through Friday or on the Township website at www.towamencin.org. All [Zoning Board] application fees in the Towamencin Township Fee Schedule shall apply.

R.R. 225.

Landowners did not remove the trailer. They did not obtain a permit for the accessory structure, and they did not appeal the violation notice to the Zoning Board.

Accordingly, on September 26, 2019, Zoning Officer Guckin initiated an enforcement proceeding before the Magisterial District Court seeking the imposition of fines upon Landowners for their violation of the Zoning Ordinance. On December 3, 2019, after a hearing, the Magisterial District Court found that Landowners violated the permit requirement in Section 153-204 of the Zoning

---

[3] District justices were redesignated as magisterial district judges by the Act of November 30, 2004, P.L. 1618, No. 207.

3

Ordinance and imposed a fine of $500 plus costs. R.R. 213, 277. On January 2, 2020, Landowners appealed the orders of the Magisterial District Court.

At the trial court hearing on August 27, 2020, Donald Litman, who is an attorney, represented himself and his wife. The trial court affirmed the Magisterial District Court and gave Landowners 30 days to remove the trailer. Additionally, the trial court ordered a fine of "$10,000 plus $500 per day thereafter until the [accessory] structure is removed." Trial Court PA. R.A.P. 1925(a) Op. at 3; R.R. 9.

Landowners retained counsel, who filed a motion for reconsideration, which the trial court granted. In doing so, the trial court rescinded its September 1, 2020, orders. The hearing on reconsideration was held on October 23, 2020, at which Zoning Officer Guckin and Donald Litman both testified.

Zoning Officer Guckin testified that she has served as the Township's Zoning Officer for five years. She is a licensed professional engineer and has worked for engineering firms, land use developers, and three municipalities. She also has served on two zoning hearing boards. Sometime before August 9, 2019, she received "complaints that there was an accessory structure constructed on [Landowners'] property[, but] there [were] no records that there had been a permit request for that [structure]." Notes of Testimony, 10/23/2020, at 27 (N.T. __); R.R. 117. She visited Landowners' property and found the accessory structure to be "a small home-like structure" with electrical service. N.T. 31; R.R. 121. Based upon her inspection, Zoning Officer Guckin sent a violation notice to Landowners on August 9, 2019.

On cross-examination, Guckin acknowledged that the violation notice did not specify that the accessory structure was the trailer. She also acknowledged

4

that she did not contact Landowners prior to issuing the violation notice, and she did not inspect the inside of the trailer. Guckin agreed that the trailer had tires, a hitch, and a license plate. She testified that, in her opinion, what made the trailer a permanent structure were the blocks keeping it in place, the utilities, and the man-made ramp, or decking, between the house and the trailer.

Donald Litman testified that he, his wife and their two sons live in the house on Saratoga Lane in Harleysville. He explained that their 25-year-old son, who has disabilities, will need to "live independently" in the future. N.T. 66; R.R. 156. Initially, Landowners sought to put an addition onto the house, to use as a classroom for their son to learn household tasks, such as cooking and cleaning. However, their request for a variance was denied. Litman testified that the Chairman of the Zoning Board advised him that he could put a trailer on the property because they were "looking for [] a classroom for a short period of time[.]" N.T. 67; R.R. 157. Litman testified that they put it in a new driveway and leased a trailer on or about May 22, 2019.

Litman testified that he was confused by the Township's violation notice because the trailer was not "constructed" as stated in the violation notice but, rather, a vehicle registered with the Pennsylvania Department of Transportation. Litman sent an email to Zoning Officer Guckin seeking clarification and requesting her to withdraw the violation notice. When Guckin did not respond, Litman believed the notice had been withdrawn "because it [was] so ridiculous[] on its face[.]" N.T. 71; R.R. 161. Litman explained that he did not think that the trailer was a "structure" because it was a motor vehicle and movable, albeit fixed on "jack stands." N.T. 72; R.R. 162. Further, the trailer was not intended to be permanent.

5

Litman testified that he removed the trailer after the trial court issued the September 2020 order. He leased another trailer for a classroom but removed it because the neighbors complained. He then brought back the original trailer, stating that "no one said it ha[d] to be kept off" the property permanently. N.T. 90-91; R.R. 180-81.

Litman testified that he did not understand that he had to appeal the violation notice in order to challenge its merits in the subsequent enforcement proceeding before the magisterial district judge.

On November 2, 2020, the trial court denied Landowners' appeals and imposed a fine of "$10,000 plus $500 per day thereafter until the 'accessory structure' is removed." Trial Court Order, 11/2/2020, at 1. These orders gave Landowners 15 days to remove the "accessory structure." *Id.*

On November 6, 2020, Landowners filed a motion for reconsideration and an extension of time for removing the trailer. On November 17, 2020, Landowners filed an amended motion for reconsideration. They explained that they had purchased a cover for the trailer and requested a stay of the trial court's orders until the Zoning Board ruled on their application for a permit. Landowners also appealed the trial court's orders of November 2, 2020.[4]

The trial court did not act on Landowners' motion within 30 days of November 2, 2020. On December 8, 2020, the trial court convened a conference call on Landowners' motions for reconsideration. In that conference, the trial court explained that in an earlier conference of November 24, 2020, the court had agreed to a new deadline for Landowners to remove the trailer should reconsideration be granted. *See Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245

---

[4] *Commonwealth v. Litman* (Pa. Cmwlth., Nos. 499 C.D. 2021 and 554 C.D. 2021).

6

(Pa. Super. 1997) (trial court loses the power to act upon both the petition for reconsideration and the original order unless reconsideration is granted within 30 days). However, the trial court was unable to rule on the reconsideration motion within 30 days because of working remotely during the COVID-19 pandemic. Landowners' appeal deprived the court of jurisdiction to change the deadline for imposition of the fines.

During the conference call, counsel for Landowners made an oral motion for reconsideration of the requested stay *nunc pro tunc*. Hearing Transcript, 12/8/2020, at 5. Counsel for the Township had no objection. Accordingly, the trial court granted Landowners' motion and ordered Landowners to remove the trailer within 15 days.

Landowners then appealed the trial court's December 8, 2020, orders.[5]

## Appeal

Before this Court, Landowners raise three issues, which we have reordered for this opinion.[6] First, they argue that the violation notice was invalid because it did not include the information required by the Pennsylvania Municipalities Planning Code (MPC).[7] Second, they argue that Zoning Officer Guckin improperly initiated a criminal proceeding against them. Third, they argue that the trailer, licensed as a vehicle, is not an accessory structure because it is not permanent.

---

[5] *Commonwealth v. Litman* (Pa. Cmwlth., Nos. 525 C.D. 2021 and 555 C.D. 2021).

[6] Our standard of review determines whether the trial court committed an abuse of discretion or an error of law. *Lower Southampton Township v. Dixon*, 756 A.2d 147, 150 n.7 (Pa. Cmwlth. 2000).

[7] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

7

**Analysis**

We begin with a review of the provisions in the MPC that relate to the enforcement of zoning ordinances. *See* Section 616.1 of the MPC, 53 P.S. §10616.1.[8] Where a municipality alleges a zoning ordinance violation, it must send a notice to the Landowner, 53 P.S. §10616.1(a), and the violation notice must include the following items:

> (1) The name of the owner of record and any other person against whom the municipality intends to take action.
>
> (2) The location of the property in violation.
>
> (3) The specific violation with *a description of the requirements which have not been met*, *citing in each instance the applicable provisions of the ordinance*.
>
> (4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.
>
> (5) *That the recipient of the notice has the right to appeal to the zoning hearing board* within a prescribed period of time in accordance with procedures set forth in the ordinance.
>
> (6) That *failure to comply* with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with *possible sanctions* clearly described.

53 P.S. §10616.1(c) (emphasis added). These requirements are mandatory. *Township of Robinson v. Esposito*, 210 A.3d 1146, 1149 (Pa. Cmwlth. 2019).

Further, the violation notice becomes final and binding if not appealed. This Court has held that once a landowner has been given notice of a zoning violation pursuant to Section 616.1 of the MPC, the asserted violations can be challenged only

---

[8] Added by the Act of December 21, 1988, P.L. 1329.

8

by appeal to the municipality's zoning hearing board. The landowner cannot challenge the merits of the zoning violation in its defense of the enforcement proceeding before the magisterial district judge. *City of Erie v. Freitus*, 681 A.2d 840, 842 (Pa. Cmwlth. 1996). On the other hand, "[a] municipality's failure to comply with Section 616.1 precludes it from seeking penalties under Section 617.2 of the MPC."[9] *Id.* In short, a municipality cannot initiate a civil enforcement proceeding "with a district [judge] unless an enforcement notice that complies with the requirements of the MPC has first been issued." *Township of Lower Milford v. Britt*, 799 A.2d 965, 968 (Pa. Cmwlth. 2002).

With these principles in mind, we turn to the issues raised in Landowners' appeal.

---

[9] Added by the Act of December 21, 1988, P.L. 1329. Section 617.2(a) states, in relevant part, as follows:

> Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a *civil enforcement proceeding commenced by a municipality*, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the district justice. . . . Each day that a violation continues shall constitute a separate violation, unless the district justice determining that there has been a violation further determines that there was a good faith basis for the person, partnership or corporation violating the ordinance to have believed that there was no such violation, in which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination of a violation by the district justice and thereafter each day that a violation continues shall constitute a separate violation. . . .

53 P.S. §10617.2(a) (emphasis added).

## Sufficiency of Violation Notice

In their first issue, Landowners challenge the sufficiency of the Township's violation notice. They contend that the enforcement notice did not conform to Section 616.1 of the MPC and, thus, the Township was precluded from seeking penalties in an enforcement proceeding before the Magisterial District Court. First, the notice did not state that it was the trailer, as opposed to one of several sheds on Landowners' property, that constituted the offensive "accessory structure." Second, the notice did not state that a failure to file a zoning appeal would preclude them from defending against the merits of the zoning violation in the "legal action" before a "District [Judge]." R.R. 224.

> The violation notice issued to Landowners stated that
>
> *an accessory structure* has been constructed and/or placed on your property. *A permit was not obtained for this project.* Construction of an accessory structure without a permit is a violation of []Section 153-204 of the Towamencin Township Zoning Code[.]

R.R. 224 (emphasis added). Landowners argue that this language did not comply with Section 616.1(c) of the MPC because it did not specify that "the requirements which have not been met" concerned the trailer. 53 P.S. §10616.1(c).

The term "structure" is defined in the Zoning Ordinance as "[a]ny man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the surface." ZONING ORDINANCE, §153-1301. In addition, the Zoning Ordinance has listed specific examples of accessory structures allowed in residential districts:

> (c)     The following residential accessory structures shall be permitted in conjunction with single-family detached and single-family semidetached dwellings only:

10

[1] *Buildings such as storage sheds, private greenhouses and gazebos.*

[2] Detached garages for personal vehicles.

[3] Private swimming pools.

[4] *Accessory structure detached from, but located on the same lot as the principal structure, the use of which is incidental and accessory to that of the principal structure.*

[5] Sports courts.

[6] Any accessory structure permitted under this section shall comply with the setbacks established for accessory buildings in the district in which the accessory structure is to be located.

ZONING ORDINANCE, §153-502(H)(8)(c) (citations omitted) (emphasis added). The term "building" is defined in the Zoning Ordinance as "[a]ny structure having enclosed walls and roof, intended for support or sheltering a use or occupancy, and attached to the land. *Included shall be all* mobile homes and *trailers used for human habitation*." ZONING ORDINANCE, §153-1301 (emphasis added). Although the Ordinance does not define "accessory," it is commonly understood to mean a use incidental and subordinate to the principal structure. BLACK'S LAW DICTIONARY 15 (8th ed. 2004) ("Something of secondary or subordinate importance.").[10]

In *Township of Lower Milford*, 799 A.2d 965, this Court considered whether a violation notice complied with Section 616.1 of the MPC. In that case, the violation notice used the term "industrial activity," rather than the more precise term "trash hauling," to identify the conduct that violated the zoning ordinance. The

---

[10] Additionally, the Zoning Ordinance defines "building, accessory" as "[a] building located on the same lot as a principal building and incidental and subordinate to the principal building. Any portion of a principal building devoted or intended to be devoted to an accessory use is not an accessory building." ZONING ORDINANCE, §153-1301.

more general term "industrial activity" was the term used in the zoning ordinance and broad enough to encompass "trash hauling." Accordingly, we rejected the landowner's challenge to the sufficiency of the enforcement notice. This Court also found it relevant that the landowner knew that the notice referred to her trash hauling business because she had previously sought a variance from the zoning ordinance's 10-acre lot size minimum for a trash hauling use.

At issue in *Herbert v. West Reading Borough Zoning Hearing Board* (Pa. Cmwlth., No. 1113 C.D. 2020, filed October 14, 2021) (unreported),[11] was a violation notice that identified the violations as "Parking Vehicle(s) in Rear Yard on Grass." Slip op. at 17. The landowner appealed the violation to the zoning hearing board challenging, *inter alia*, the specificity of the notice because "vehicle" was not defined in the zoning ordinance. This Court agreed with the zoning board that a trailer was an instrument of conveyance that met the common understanding of the term "vehicle." Notably, the landowner in that case also understood that it was the trailer, used to transport lawn mowers, to which the notice referred.

Here, the trial court concluded that the violation notice satisfied the requirements of Section 616.1 of the MPC. The language "accessory structure" was broad enough to encompass the trailer, which was "man-made" and had an "ascertainable stationary location." ZONING ORDINANCE, §153-1301. Accordingly, the trailer met the definition of "structure," and "accessory" is a word commonly understood. Indeed, the Zoning Ordinance describes a residential "accessory structure" as a structure "detached from, but located on the same lot as the principal

---

[11] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

12

structure, the use of which is incidental and accessory" to the principal structure. ZONING ORDINANCE, §153-152(H)(8)(c).

The trial court also found, as fact, that Landowners knew the "accessory structure" in question was the trailer. The trial court based this finding on Litman's testimony that he leased the trailer after Landowners were denied a variance for an addition to their house. The trailer closely approximated the location of the proposed home addition because it was several feet from the house and connected to electricity and water; the deck, or ramp, was built to facilitate access to the trailer from the house. Trial Court PA. R.A.P. 1925(a) Op. at 10; R.R. 16. Finally, the trailer was used for the same purpose as the addition denied a variance, *i.e.*, as a classroom for Landowners' son.

Litman testified that he was confused by the violation notice, thinking that it referred to a shed he was painting when he received the notice. The trial court rejected this testimony as "disingenuous and not credible." Trial Court PA. R.A.P. 1925(a) Op. at 11; R.R. 17. That particular shed had been on his property for over 20 years. Further, Litman acknowledged that "sheds [were] structures," for which he "always had permits." N.T. 73; R.R. 163. With respect to a plastic shed on the side of his house, Litman testified that the Township informed him that he did not need a permit for that type of shed. The same was true for his outdoor cat house. Both have been in his backyard for more than a decade.

In short, the only new structure that had been "constructed and/or placed" on Landowners' property at the time of the issuance of the violation notice was the trailer. R.R. 224.

It also is not disputed that Landowners did not obtain a permit or inquire about whether a permit would be needed for the trailer, as was the case for the

13

various sheds located on the property. The trial court's finding that Landowners knew that the offending "accessory structure" was the trailer parked adjacent to their house is supported by the record. In any case, the term in the Zoning Ordinance, *i.e.*, "accessory structure," was an appropriate way to describe "the requirements which have not been met, citing in each instance the applicable provisions of the ordinance." Section 616.1(c) of the MPC, 53 P.S. §10616.1(c). *See also Township of Lower Milford*, 799 A.2d at 971. Here, the term accessory structure includes a building, the definition of which includes all trailers. ZONING ORDINANCE, §153-1301.

In sum, the term "accessory structure" was sufficient to put Landowners on notice that they needed a permit for their trailer. Had they appealed to the Zoning Board, they may have been successful in arguing that the trailer was a temporary structure and, thus, no permit was required. However, Landowners did not appeal to the Zoning Board.

Landowners also challenge the validity of the violation notice because it did not state that a failure to appeal to the Zoning Board would leave them unable to challenge the merits of the alleged zoning violation in a subsequent enforcement proceeding. For this reason, Landowners contend the violation notice was defective.

Section 616.1(c) of the MPC requires that the landowner be given notice that he or she "has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance." 53 P.S. §10616.1(c). We have held that this does not mean that the municipality must explain the "consequences of failing to file such an appeal" or advise the landowner that failure to appeal the violation notice results in a binding determination that the ordinance has been violated. *Township of Penn v. Seymour*,

14

708 A.2d 861, 864 (Pa. Cmwlth. 1998). Further "a court may not graft additional provisions onto a statute which the General Assembly did not see fit to include." *Id*.

Here, the violation notice expressly informed Landowners that they had the right to appeal to the Township's Zoning Board. It also stated that failure to correct the violation could result in penalties of $500 per day. It was not necessary to specify that failure to appeal to the Zoning Board would make the Township's violation notice binding in any subsequent enforcement proceeding before the District Judge. *Seymour*, 708 A.2d at 864.

In sum, the Township's August 9, 2019, violation notice complied with the requirements of Section 616.1 of the MPC for a valid notice of violation.

**Enforcement of Zoning Violation**

In their second issue, Landowners argue that certain criminal procedural requirements were not properly followed. Specifically, they argue that due process requires that the criminal citation apprise them of "the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise [them] of the nature of the offense charged[.]" PA.R.CRIM.P. 403(A)(6). The Township responds that the Pennsylvania Rules of Criminal Procedure do not apply to enforcement proceedings initiated under the MPC for a zoning ordinance violation.

At one time, Section 616 of the MPC, *formerly* 53 P.S. §10616, provided that zoning ordinances were to be enforced through summary criminal proceedings. However, this provision was repealed by the Act of December 21, 1988, P.L. 1329. The effect of the repeal was to decriminalize zoning enforcement proceedings before a Magisterial District Court. *Seymour*, 708 A.2d at 865.

15

Section 153-211 of the Zoning Ordinance, which relates to violations and penalties, provides, in relevant part as follows:

> Any person, partnership, firm or corporation who or which has violated or permitted the violation of any provision of this chapter, or who fails to comply with any requirement, order or directive of the Zoning Officer, or of a permit or certificate issued under provision of this chapter, shall be subject to fines and penalties of not more than $500, plus all court costs, including reasonable attorney fees incurred by the municipality as a result thereof, *which fines and penalties may be collected by suit or summary proceeding* brought in the name of the Township of Towamencin, *providing no judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the District [Judge] or other court of competent jurisdiction . . . .* Each day that a violation continues shall constitute a separate violation.

ZONING ORDINANCE, §153-211 (emphasis added). Section 153-211 of the Zoning Ordinance is consistent with Section 617.2(a) of the MPC,[12] which makes it clear that a municipality's enforcement proceeding is "civil" in nature. 53 P.S. §10617.2(a). Neither the MPC nor the Zoning Ordinance provides for imprisonment as a penalty for zoning code violations.

In *Town of McCandless v. Bellisario*, 709 A.2d 379 (Pa. 1998), our Supreme Court explained:

> While the enforcement of municipal ordinances *that provide for imprisonment upon conviction or failure to pay a fine or penalty* must follow the Rules of Criminal Procedure, the same is not true for municipal ordinances *that do not provide for imprisonment upon conviction or failure to pay a fine or penalty,* which, by

---

[12] *See supra* note 9 for text of Section 617.2(a) of the MPC.

definition, are not Penal Laws, and are therefore not included in the definition of "criminal proceedings."

*Id.* at 381 (emphasis in original). Section 617.2(a) of the MPC and Section 153-211 of the Zoning Ordinance authorize only civil penalties for a violation. *See Lower Southampton Township*, 756 A.2d at 151. Therefore, the Pennsylvania Rules of Criminal Procedure do not apply to enforcement proceedings brought under Section 617.2 of the MPC and Section 153-211 of the Zoning Ordinance. *Id.* Thus, we reject Landowners' argument in this regard.

Landowners also challenge the Township's enforcement action because it was brought in the name of the Commonwealth and not in the name of the Township. In response, the Township explains that this classification of the citation filed with the Magisterial District Court as "criminal" was inadvertent and immaterial. We agree.

In *Commonwealth v. Harchelroad*, 623 A.2d 878, 879 (Pa. Cmwlth. 1993), an enforcement proceeding was filed with the magisterial district judge by the code enforcement officer and denominated a "criminal complaint." We rejected the landowner's challenge to the citation as fatally defective. The case was "simply an appeal from a summary conviction for the violation of [the] illegal commercial use of property zoned R-2 single family Residential . . . no more, no less." *Id.* at 881. Likewise, here, although the citation was filed as criminal, Landowners understood that the enforcement proceeding concerned a civil penalty, not the possibility of imprisonment.

Because the Rules of Criminal Procedure are inapplicable to proceedings under Section 617.2 of the MPC, the trial court did not err in not applying those rules of procedure to Landowners' summary appeals.

**Accessory Structure**

In their third issue, Landowners argue that the trailer is not an accessory structure that required a permit under Section 153-204 of the Zoning Ordinance. Section 153-204 of the Township's Zoning Ordinance states:

> *There shall be no change* of use of land or a structure or portion thereof, and prior to the change, alteration, or extension of a nonconforming use or structure, or *the construction, razing, moving, erection, structural change, alteration of, or addition to, any structure or portion thereof*, the grading or earth moving, and/or erection of any stationary sign unless and until a valid permit has been approved by, and acquired from, the Towamencin Township Zoning Officer or his designated representative in conformance with all the regulations and procedures herein specified. Failure to obtain a required permit shall constitute a violation of this chapter as herein provided.

ZONING ORDINANCE, §153-204 (emphasis added). Landowners contend that their trailer is a non-stationary, registered vehicle and allowed on their property without a permit. They contend that connecting the trailer to water and electricity did not transform it into an accessory structure within the meaning of the Zoning Ordinance. They further argue that Section 153-204 of the Zoning Ordinance violates substantive due process under the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV.[13]

---

[13] The Fourteenth Amendment states, in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, §1. "The substantive component of the Due Process Clause provides protection against government interference with certain fundamental rights and liberty interests." *Taylor v. Pennsylvania State Police*, 132 A.3d 590, 608 (Pa. Cmwlth. 2016). "[F]or substantive due process rights to attach there must first be the deprivation of a[n] … interest that is constitutionally protected." *Id*. at 609 (quoting *Khan v. State Board of Auctioneer Examiners*, 842 A.2d 936, 946 (Pa. 2004)).

As explained above, Landowners were able to contest the violation "only by way of appeal" to the Zoning Board. *Seymour*, 708 A.2d at 864. Landowners' failure to appeal to the Zoning Board rendered the Township's violation notice immune from any attack, even on constitutional grounds. We have held that a challenge to the "constitutionality and enforceability of the ordinance" is waived where the landowner has "failed to appeal the notice of violation to the [Zoning Board]." *Id*.

Neither the magisterial district judge nor the trial court may conduct a *de novo* review of the question of whether Landowners violated the Zoning Ordinance. Landowners' challenge to the constitutionality and enforceability of Section 153-204 of the Zoning Ordinance before this Court has been waived because they did not appeal the violation notice to the Zoning Board.

**Conclusion**

The Township's violation notice complied with Section 616.1(c)(3) of the MPC because it described the "requirements which have not been met, citing in each instance the applicable provisions of the ordinance." 53 P.S. §10616.1(c)(3). The violation notice specified the right of appeal and the possibility of sanctions if Landowners failed to comply with the notice. 53 P.S. §10616.1(c)(5), (6).

The notice could have, and probably should have, stated that the trailer parked next to the house was an "accessory structure" that needed a permit. Plain language is always preferred. Landowners also make a good point that a landowner should not have to pay a fee of $2,250 to appeal a violation notice that a landowner believes was issued in error. However, the level of the Zoning Board fee is a political question to raise with the Township's legislative body.

19

For the above-explained reasons, we affirm the trial court's orders dismissing Landowners' appeals.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | Nos. 499 C.D. 2021 |
| | : | 555 C.D. 2021 |
| Donald Litman, | : | |
| Appellant | : | |
| | | |
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | Nos. 525 C.D. 2021 |
| | : | 554 C.D. 2021 |
| Celia Litman, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 6th day of May, 2022, the orders of the Court of Common Pleas of Montgomery County, dated November 2, 2020, and December 8, 2020, are AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita