## TOWNSHIP OF LOWER MILFORD,

v.

## Diane BRITT, Individually and Diane Britt, Trustee, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 2002.

Decided June 5, 2002.

---

1. Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 250(f).

Robert C. Whitley, III, Doylestown, for appellant.

Mark S. Cappuccio, Lansdale, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and DOYLE, Senior Judge.

OPINION BY Judge LEAVITT.

Appellant Diane Britt (Britt) appeals from an order of the Lehigh County Court of Common Pleas (trial court) denying her Motion for Post–Trial Relief. Britt sought a new trial after the trial court entered judgment against Britt in the amount of $18,950.00 for violating the Zoning Ordinance of Lower Milfred Township (Zoning Ordinance)[1] by operating a trash-hauling business on a parcel of land smaller than the 10 acre minimum required by the Zoning Ordinance. We affirm.

For several years Britt has operated a trash-hauling and recycling business on a 3.7 acre tract of land located at 8318 Schupps Lane, Coopersburg, Pennsylvania. The property is located in a district zoned agricultural in Lower Milford Township in Lehigh County (Township). Britt's businesses have triggered a series of litigated controversies with the Township that began on December 29, 1992, when

---

1. Lower Milford Township, Lehigh County,     Ordinance 48 (Oct. 9, 1986).

the solicitor for Lower Milford Township (Township) sent Britt a notice of violation of the Zoning Ordinance (Enforcement Notice). The Enforcement Notice identified two separate activities claimed to be unlawful: 1) conducting an industrial activity on a property smaller than the 10 acre minimum, and 2) conducting a recycling business, which was not a permitted use in the agricultural district where her property was located.

On December 28, 1998,[2] Britt filed an appeal with the Lower Milford Township Zoning Hearing Board (Zoning Hearing Board), but her appeal was unsuccessful. On March 25, 1993, Britt requested the Township Board of Supervisors to adopt a curative amendment to the Zoning Ordinance that would permit her recycling business, but it refused to do so. Britt then appealed the decision of the Zoning Hearing Board and the decision of the Board of Supervisors to the trial court. Britt discontinued these appeals due to settlement discussions with the Township; in the end, Britt decided to terminate her recycling business, which ceased to have any more relevance to this case.

On October 28, 1994, Britt filed an application with the Zoning Hearing Board requesting a variance to operate her trash-hauling business. The Zoning Hearing Board granted the variance with certain conditions. The Township appealed to the trial court, which affirmed the Zoning Hearing Board's decision. The Township then appealed the trial court's decision to this Court.

On June 12, 1997, this Court remanded the case to the trial court, instructing it to determine whether the trash-hauling activity that preceded passage of the Zoning Ordinance occurred exclusively on Britt's 3.7 acre property.[3] If that were the case, then Britt's use would be a lawful non-conforming use that antedated adoption of the Zoning Ordinance and could be continued by special exception even though her parcel did not meet the minimum 10 acre requirement. In turn, the trial court remanded the case to the Zoning Hearing Board, which found that the pre 1986 trash-hauling activity did not take place exclusively on the 3.7 acre property; this defeated Britt's claim of a lawful non-conforming use.

On December 23, 1997, Britt appealed the Zoning Hearing Board's decision to the trial court. On September 4, 1998, the trial court issued a stay pending its review of the Zoning Hearing Board decision. On December 30, 1999, after a hearing, the trial court affirmed the Zoning Hearing Board's decision, denied the appeal, and vacated the stay entered on September 4, 1998. Thus, Britt's operation of a trash-hauling business was found to violate the Zoning Ordinance because it was operated from a parcel smaller than 10 acres.

On January 27, 2000, Britt appealed the trial court's order to this Court, which affirmed the trial court in an unreported decision. During the pendency of that appeal, however, Britt did not obtain a stay of the December 30, 1999 order from either the trial court or this Court.

---

**2.** The record indicates that Britt filed the appeal on this date. However, the record does not indicate when Britt actually received the Township's Enforcement Notice dated December 29, 1992.

**3.** The current Zoning Ordinance was adopted in 1986. Britt's 3.7 acre parcel was subdivided out of a 23.66 acre parcel in 1988, and she acquired the subdivided lot of 3.7 acres in 1990. It was not clear to this Court whether the trash-hauling business (which began in 1963) was limited to the 3.7 acres or extended into the larger parcel of 23.66 acres from which Britt's parcel was subdivided. Hence, the case was remanded for additional evidence to be taken on that issue.

On February 14, 2000, the Township filed a complaint against Britt for operating the trash-hauling business in violation of the Zoning Ordinance and the trial court's order of December 30, 1999. The case came before a district justice [4] who found that Britt had violated the trial court's order; accordingly, he fined Britt in the amount of $237.50.[5]

Britt appealed the fine to the Board of Arbitrators (Board), which upheld the district justice's order. However, the Board raised the fine to $9,500.00.

■ Next, Britt appealed the fine to the trial court, which conducted a non-jury trial and entered judgment against Britt in the amount of $18,950.00.[6] Britt filed a Motion for Post–Trial Relief (Motion) alleging that the trial court erred (1) by concluding that the Enforcement Notice issued in 1992 complied with Section 616.1 of the MPC, 53 P.S. § 10616.1, added by the Act of December 21, 1988, P.L. 1329; (2) by refusing her proffered evidence that

the Township considered the trash-hauling business to be legal when it issued the Enforcement Notice; and (3) by refusing to grant her a jury trial. The trial court denied Britt's Motion. Britt filed this appeal and raises the same issues set forth in her Motion.[7]

■ Under the MPC, a municipality cannot initiate a civil enforcement proceeding with a district justice unless an enforcement notice that complies with the requirements of the MPC has first been issued.[8] Here, Britt was issued the Enforcement Notice in 1992, well before the filing of the complaint on February 14, 2000. However, she claims that the Enforcement Notice was defective, asserting that it did not target her trash-hauling business, only her recycling business. Therefore, she claims that she was never given notice by the Township that her trash-hauling business violated the Zoning Ordinance prior to instituting the proceeding before the district justice. We disagree.

---

4. District justices have initial jurisdiction over proceedings brought for violations of zoning ordinances. Section 617.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10617.2. This Section was added by Section 62 of the Act of December 21,1988, P.L. 1329.

5. The MPC provides for fines to be accessed to violators. Specifically, Section 617.2 of the MPC, 53 P.S. § 10617.2, provides in pertinent part,

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorneys fees incurred by the municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date

of the determination of a violation by a district justice. . . . Each day that a violation continues shall constitute a separate violation. . . .

6. The trial court found Britt to be in continuous violation of the Zoning Ordinance and assessed her fines in the sum of $50.00 per day from the date of the judgment of the district justice, April 19, 2000, to the date of the non-jury trial, May 3, 2001, for a total of 379 days.

7. Our scope of review of a denial of post-trial motions is whether the trial court abused its discretion or committed error of law. *City of Allentown v. MSG Associates, Inc.*, 747 A.2d 1275 (Pa.Cmwlth.2000).

8. Section 616.1 of the MPC, 53 P.S. § 10616.1(a), provides, "If it appears to the municipality that a violation of any zoning ordinance enacted under this act or prior enabling laws has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice. . . . "

Section 616.1(c) [9] of the MPC requires, *inter alia,* an enforcement notice to specify the violation by a description of the requirements that have not been met and a citation to the applicable provisions of the Zoning Ordinance. Here, the Enforcement Notice provided as follows,

> You are carrying on an industrial activity on a piece of ground smaller than ten acres in violation of Section 334 of the Zoning Ordinance of Lower Milfred Township. Section 334 of the Zoning Ordinance permits a non-nuisance industry only as a special exception and only with a minimum lot size of ten acres. These are specified at Section 334.10. The *recycling activity which you are carrying on* is not listed as a permitted use in the Agricultural/Rural District at Section 332.

(Reproduced Record 5(a)) (emphasis added) (hereinafter R.R. 5(a)). The Enforcement Notice further provided,

> Unless you file an appeal with the Zoning Hearing Board on or before 8 January 1993 or cease and remove the recycling activity prior to that date, the Township shall consider your activity as a violation of the Zoning Ordinance.

(R.R. 5(a)). Thus, the Enforcement Notice informed Britt that she was violating the Zoning Ordinance in two ways: by conducting an "industrial activity" on a parcel smaller than the minimum 10 acres and by conducting a "recycling activity," a non-permitted use in an agricultural district on any-sized parcel. In addition, the Enforcement Notice related each activity to a separate provision of the Zoning Ordinance, *i.e.,* Section 334 [10] and Section 332.[11]

9. Section 616.1(c) provides,
   An enforcement notice shall state at least the following:
   (1) The name of the owner of record and any other person against whom the municipality intends to take action.
   (2) The location of the property in violation.
   (3) *The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.*
   (4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.
   (5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.
   (6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.
   53 P.S. § 10616.1(c) (emphasis added).

10. Section 334 provides in pertinent part,
    *Special Exceptions Uses*
    Applications for these uses are subject to review by the Zoning Hearing Board according to the provisions of Section 740. These uses shall be permitted after the Zoning Hearing Board has determined that the relevant standards and criteria contained in Section 500 are met. The Zoning Hearing Board may attach any reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purpose of this Zoning Ordinance and to protection the public health, safety, morals and the general welfare. *Only the following special exception uses are permitted in this district:*
    * * *
    334.10 *Non-nuisance industry* provided the requirements of Section 430 can be met, and minimum lot size shall be ten acres.
    Lower Milford Township, Lehigh County, Ordinance 48 (Oct. 9, 1986). Section 430 is a chapter in the Zoning Ordinance that regulates parking and truck loading for different categories of businesses and activities. One of the categories listed is industrial, which is the only category in which a trash-hauling business could fall.

11. Section 332 provides,
    *Permitted Uses*
    Only the following uses are permitted by right in this district:
    332.1 One single-family detached dwelling or one two-family detached dwelling per lot.

The Enforcement Notice used the more general words "industrial activity" rather than the more precise "trash-hauling." However, "industrial activity" is a term broad enough in scope to encompass trash-hauling, and "industrial activity" is the term used in the Zoning Ordinance. Section 334 of the Zoning Ordinance permits certain uses in an agricultural district by special exception, one of which is a "non-nuisance" industry. Section 430,[12] which is

332.2 Commercial greenhouses.

332.3 Roadside stands per Section 431.

332.4 Church or other place of worship, Sunday school, parish house.

332.5 Cemetery or mausoleum.

332.6 Buildings to provide temporary housing for farm laborers incident and necessary to the gathering of crops grown on the premises.

332.7 Municipal building, structure or facility owned and used by Lower Milford Township.

332.8 Crop farming.

332.9 Animal husbandry within barns, animal shelters, or other such lawful structures existing at the effective date of the 1967 Ordinance provided that such animal husbandry shall not include the raising or keeping of minks or garbage-fed pigs. The minimum parcel area shall be at least ten (10) acres.

332.10 Expansion of animal husbandry carried on within barns, animal shelters, or other such structures existing at the effective date of this ordinance by:

(a) additions to such structures, or

(b) erection of new structures provided that such additions or new structures shall be located at least one hundred fifty (150) feet from all lot lines, seventy five (75) feet from all street lines, and five hundred (500) feet from all existing dwellings except that of the owner. Such expansion may be on land not abutting the main farm and shall not include minks or garbage-fed pigs.

332.11 New animal husbandry in new barns, animal shelters, or other such structures provided that such new animal husbandry shall be located at least one hundred fifty (150) feet from all lot lines, seventy five (75) feet from all existing dwellings except that of the owner. Such new animal husbandry shall be located on a parcel of at least ten (10) acres and shall not include minks or garage-fed pigs.

332.12 Grazing and pasturing except of minks garbage-fed pigs, or turkeys.

332.13 Farm livestock may be kept as pets or for domestic purposes on a parcel of at least three (3) acres and which meets the minimum yard requirements pursuant to the following requirements:

(a) one (1) large animal such as a horse, cow, or pig; four (4) medium sized animals such as sheep; or not more than twenty-five (25) poultry, fowl, rabbits, or other small animals (excluding minks) for the initial three (3) acres.

(b) an additional one (1) large animal per added 1½ acres, and four (4) medium sized animals, or twenty five (25) small animals (excluding mink) may be kept per each additional acre.

(c) animal shelter setbacks for livestock kept as pets or for domestic purposes on parcels less than ten (10) acres shall meet the following setbacks:

1) for large and medium-sized animals: such shelters shall be three hundred (300) feet from any existing dwelling other than the owner's and seventy five (75) feet from all street lines and one hundred (100) feet from all lot lines.

2) for under forty (40) small animals: such shelters must be twenty (20) feet from all lot lines.

3) for over forty (40) small animals: such shelters must be three hundred (300) feet from existing dwellings, except the owner's and seventy five (75) feet from all street lines and one hundred (100) feet from all lot lines.

Lower Milford Township, Lehigh County, Ordinance 48 (Oct. 9, 1986). Clearly a recycling business cannot be shoehorned into one of the above-listed permitted uses.

12. Section 430 of the Zoning Ordinance lists the following non-nuisance industries: dwelling units; boarding and tourist houses; professional office or home occupation in a residential building; retail sales and services; supermarkets; roadside stands; furniture stores; automobile servicing and repairs; shopping centers; *industrial;* warehouses, freight and trucking terminals, wholesale businesses; building contractors and building materials suppliers; building, structure, or facility owned and used by a public utility or

incorporated by reference into Section 334, sets forth a long list of "non-nuisance" industries. This list ranges from churches and libraries to bowling alleys and funeral homes. The only Section 430 non-nuisance industry into which a trashhauling business would fall is "industrial." If Britt's trash-hauling business is not an "industrial activity," then it is not a "non-nuisance industry" eligible for a special exception use. In short, Britt argues against herself by contending that "industrial activity" does not signify her trash-hauling business. Finally, Britt knew that the "industrial activity" noted on the Enforcement Notice referred to her trash-hauling business on the property; this is why she applied for a variance in 1994.

Thus, we find that the Enforcement Notice adequately informed Britt of the zoning violation. It described "the requirements which have not been met" and gave citation to the "applicable ordinance provision." 53 P.S. § 10616.1(c). Accordingly, we conclude that the Township complied with the notice requirements of the MPC before filing its action with the district justice.

■ Britt next argues that the lower court abused its discretion by excluding her proffered evidence that the Township considered Britt's trash-hauling business a legal use when it issued the Enforcement Notice. This evidence was offered to support her contention that the Enforcement Notice dealt solely with the recycling activity, not with the trash-hauling business.

■ The Township's position in 1992 with respect to Britt's trash-hauling business must be determined from its actions. Here, the Township, acting in its official capacity, issued Britt the Enforcement Notice. The validity of that notice must be determined from the four corners of the document, and extrinsic evidence is irrelevant and immaterial. However, even if such extrinsic evidence were appropriate in concept, the document she sought to have admitted was simply not relevant.[13] It consisted of an exhibit in a zoning case involving the prior owner of her property at a time when the trash-hauling business was conducted on 23.66 acres. The trial court correctly excluded the document.

■ Finally, Britt contends that the trial court erred by failing to grant her a jury trial. The right to a jury trial exists only in those cases where the relevant statute provides for a jury trial or the cause of action existed when the Pennsylvania Constitution was adopted. *Wertz v. Chapman Township*, 559 Pa. 630, 741 A.2d 1272 (1999). Here, the MPC does not provide a statutory right to a jury trial. In addition, zoning did not exist in 1790,[14]

other government regulated industry; research institutes or laboratories; hotels and motels; restaurants; auditoriums, theatres, and similar places of public assembly; churches and other places of worship; libraries, museums, post offices, civil centers and similar establishments; schools; hospitals, convalescent nursing homes, and group homes; medical offices; bowling lanes; membership clubs; funeral homes; and golf courses. Lower Milford Township, Lehigh County, Ordinance 48 (Oct. 9, 1986).

13. PA. R. EVID. 401(e) provides, "Relevant evidence means evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more or less probable than it would be without the evidence."

14. The first zoning case to appear before the United States Supreme Court was *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). In *Euclid*, the Court noted that building zoning laws were of modern origin and did not begin until approximately 25 years earlier. Thus, zoning did not exist until the 1900s. The Pennsylvania Constitution was adopted in 1790. *Commonwealth v. One (1) 1984 Z–28 Camaro Coupe*, 530 Pa. 523, 610 A.2d 36 (1992).

when the first version of the Pennsylvania Constitution was adopted. Thus, we conclude that Britt was not entitled to a trial by jury under Article I, § 6 of the Pennsylvania Constitution.[15]

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, this 5th day of June, 2002, the order of the Lehigh County Court of Common Pleas in the above-captioned matter is hereby affirmed.

---

**15.** It states:

Trial by jury shall be as heretofore, and the right thereof remain inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. Furthermore, in criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.

PA. CONST. art. I. § 6.