CITY OF PHILADELPHIA

v.

BOROUGH OF WESTVILLE, New Jersey and Tri–County Municipal Joint Insurance Fund, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 13, 2014.

Decided June 5, 2014.

531

Maurice J. Maley, Jr., Collingswood, NJ, for appellants.

Stephen M. Calder, Philadelphia, for appellee.

BEFORE: PELLEGRINI, President Judge, COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Borough of Westville, New Jersey (Westville) and Tri–County Municipal Joint Insurance Fund (Tri–County) (together, Defendants) appeal from two orders entered by the Court of Common

Pleas of Philadelphia County (trial court): (1) the March 12, 2013, order overruling Defendants' preliminary objections; and (2) the July 2, 2013, order granting the motion for judgment on the pleadings filed by the City of Philadelphia (City). We reverse the March 12, 2013, order, dismiss this matter for lack of personal jurisdiction, and vacate the July 2, 2013, order.[1]

On September 16, 2010, the City's Fire Department responded to a fire at the BP Oil Refinery on the Delaware River in Paulsboro, New Jersey. While responding to the fire, the City's fire boat allegedly caused a large wake that damaged Westville's fire boat, which was also responding to the fire.

Westville submitted an insurance claim in the amount of $140,600 to Tri–County for the damage to its boat. In February 2011, Scibal Associates, Inc. (Scibal), Tri–County's claim administrator, paid Westville $139,600, which represented the amount of Westville's claim less a $1,000 deductible. By letter dated August 4, 2011, Scibal notified the City that it intended to recover $139,600 from the City via subrogation.

On October 31, 2012, the City filed a declaratory judgment action against Defendants, seeking a declaration absolving it of any liability for the damage to Westville's boat and seeking to enjoin Defendants from pursuing any property damage claims against the City. On December 7, 2012, Defendants filed preliminary objections to the City's complaint, asserting, *inter alia*, lack of personal jurisdiction. On March 12, 2013, the trial court overruled Defendants' preliminary objections and granted them leave to file an answer within 20 days.

After Defendants timely filed their answer, the City filed a motion for judgment on the pleadings, and Defendants filed a response. On July 2, 2013, after briefing by the parties, the trial court granted the City's motion and declared the City immune from all insurance and subrogation claims related to the boat incident under section 8553(d) of the Judicial Code, 42 Pa.C.S. § 8553(d), commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act).[2] Defendants timely appealed to this court.

■ On appeal, Defendants contend that the trial court erred in overruling their preliminary objections and finding personal jurisdiction on the basis that Defendants "have continuously conducted business to a substantial degree in Pennsylvania." (Trial Ct. Op. at 4 n. 4.) We agree.[3]

■ A Pennsylvania court may exercise either general or specific personal jurisdiction over an out-of-state defendant. General jurisdiction is premised on the

---

1. Because we conclude that the trial court lacked jurisdiction, its July 2, 2013, order granting the City's motion for judgment on the pleadings is invalid. *See Bell v. Kater*, 943 A.2d 293, 298 (Pa.Super.2008) (stating that any judgment entered by a court that lacks jurisdiction is "null and void").

2. Section 8553(d) of the Tort Claims Act provides:

 If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

 42 Pa.C.S. § 8553(d).

3. Our review of a trial court's ruling on preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law or whether constitutional rights were violated. *Chester Upland School District v. Yesavage*, 653 A.2d 1319, 1321 (Pa.Cmwlth.1994).

defendant's overall contacts with the forum state. For a court to exercise personal jurisdiction "over a non-resident defendant, due process requires the defendant to have 'certain *minimum contacts* with [the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110, 1113 (1992) (emphasis in original; citation omitted). Section 5301(a)(2)(iii) of the Judicial Code, 42 Pa. C.S. § 5301(a)(2)(iii), permits general jurisdiction over a non-resident corporation if it "carr[ies] on . . . a continuous and systematic part of its general business within" Pennsylvania. Therefore, a Pennsylvania court may exercise general jurisdiction over a non-resident corporation if its activities in Pennsylvania are " 'continuous and substantial,' " even if the cause of action itself is unrelated to its activities in Pennsylvania. *Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc.*, 868 A.2d 624, 628 (Pa.Cmwlth.2005) (*en banc*) (citation omitted).

 Specific jurisdiction arises out of the defendant's specific contacts with the forum state. Section 5322(a)(1) of the Judicial Code, 42 Pa.C.S. § 5322(a)(1), commonly known as Pennsylvania's Long–Arm Statute, permits specific jurisdiction over a non-resident defendant "who acts directly or by an agent, as to a cause of action or other matter arising from such person . . . [t]ransacting any business in" Pennsylvania. Thus, "[s]pecific jurisdiction 'is focused upon the particular acts of the defendant that gave rise to the underlying cause of action.' " *TAP*, 868 A.2d at 629

(citation omitted). Moreover, the defendant must have " 'purposefully directed his activities at residents of the forum and purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.' " *Tsucalas v. Holy Xenophone Monastery*, 939 A.2d 1008, 1013 (Pa.Cmwlth.2007) (citation omitted); *see also General Motors Acceptance Corporation v. Keller*, 737 A.2d 279, 281 (Pa.Super.1999) (" '[T]o meet constitutional muster, a defendant's contacts with the forum state must be such that the defendant could reasonably anticipate being called to defend itself in the forum.' ") (citation omitted).

 Here, the City failed to establish that either Defendant continuously or substantially conducts business in Pennsylvania so as to confer general jurisdiction.[4] Westville is a municipality located in Gloucester County, New Jersey. William Bittner, Westville's borough administrator, testified that Westville conducts all of its municipal business in New Jersey. (R. 264a–266a.)[5] Eric Farley, Westville's fire chief, testified that Westville's fire boat patrols the New Jersey side of the Delaware River. (R. 96a, 148a–150a, 153a.) However, there is no evidence that Westville's boat ever crossed into Pennsylvania waters during those patrols. According to Farley, Westville responded to one fire in Pennsylvania in 2010 and attended only a handful of meetings in Pennsylvania between 2008 and 2010. (R. 165a–167a, 156a–161a.) We reject the City's contention that the mere possibility that West-

**4.** When a defendant challenges personal jurisdiction, "the [p]laintiff must come forward with sufficient jurisdictional facts by (affidavit, deposition or other) competent evidence to establish the court's jurisdiction over the [d]efendant." *Accu–Weather, Inc. v. Thomas*

*Broadcasting Company*, 425 Pa.Super. 335, 625 A.2d 75, 76 (1993).

**5.** Bittner further testified that, to his knowledge, the instant litigation is the first time that Westville has ever been sued in Pennsylvania. (R. 266a.)

ville's fire boat may have crossed into Pennsylvania waters during patrols is sufficient to confer jurisdiction.

■ Likewise, we conclude that Tri–County's contacts with Pennsylvania are neither continuous nor substantial. Tri–County is a joint municipal insurance fund that provides insurance coverage exclusively to New Jersey municipalities. Tri–County's principal place of business is in New Jersey, and Tri–County conducts all of its business in New Jersey. Paul Forlenza, Tri–County's deputy executive director, testified that Scibal, Tri–County's claim administrator, has offices in Pennsylvania. (R. 216a.) That fact, however, is insufficient to establish general jurisdiction, where Tri–County does not conduct business, own real property, or maintain an office in Pennsylvania. Furthermore, even though Scibal has Pennsylvania offices, Forlenza testified that the services Scibal performs for Tri–County are conducted out of its two New Jersey offices, and all of its business records are maintained in its Egg Harbor Township, New Jersey office. (R. 217a–218a, 226a.)

■ The City also claims that specific jurisdiction is proper because Defendants and their agents transmitted correspondence to the City in Pennsylvania.[6] However, phone calls and letters directed to the forum are insufficient to establish specific jurisdiction where, as here, the subject of the underlying dispute is outside the forum, where the accident and ensuing property damage occurred. *See, e.g., Grimes v. Wetzler,* 749 A.2d 535, 539

(Pa.Super.2000) (noting that the defendants' act of sending one letter to the plaintiff in Pennsylvania was insufficient to confer personal jurisdiction, where none of the defendants resided, had offices, or did business in Pennsylvania); *Lynch v. New Jersey Automobile Full Insurance Underwriting Association,* 762 F.Supp. 101, 104 (E.D.Pa.1991) (stating that "[t]he placing of telephone calls or the sending of letters into the forum by a party to a contract is not sufficient" to confer personal jurisdiction).[7]

Accordingly, because we conclude that the trial court lacked personal jurisdiction over Defendants, we reverse the March 12, 2013, order overruling Defendants' preliminary objections, dismiss this matter for lack of personal jurisdiction, and vacate the July 2, 2013, order granting judgment on the pleadings.

### ORDER

AND NOW, this *5th* day of *June,* 2014, we hereby: (1) reverse the March 12, 2013, order of the Court of Common Pleas of Philadelphia County (trial court) overruling the preliminary objections filed by the Borough of Westville, New Jersey and Tri–County Municipal Joint Insurance Fund; (2) dismiss this matter for lack of personal jurisdiction; and (3) vacate the trial court's July 2, 2013, order granting judgment on the pleadings.

---

**6.** The City claims that specific jurisdiction arises from "communications initiated by Westville and [Tri–County], documents transmitted to the City, and the demands directed at the City by their representatives, claims administrator, and attorneys." (R. 56a; *see* R. 66a, 73a, 86a, 92a–93a.)

**7.** *See also Silent Drive, Inc. v. Strong Industries, Inc.,* 326 F.3d 1194, 1202 (Fed.Cir.2003)

(noting that while "letters [threatening litigation] are 'purposefully directed' at the forum and the declaratory judgment action 'arises out of' the letters, … [they] 'do not suffice to create personal jurisdiction' because to exercise jurisdiction in such a situation would not 'comport with fair play and substantial justice' ") (citation omitted).