IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Lower Mount Bethel Township | : |
| | : No. 1782 C.D. 2015 |
| | : Argued: September 13, 2016 |
| v. | : |
| | : |
| Barbara Gacki and Adam Gacki, | : |
| | : |
| Appellants | : |


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY SENIOR JUDGE FRIEDMAN          FILED:  November 30, 2016


        Barbara Gacki and Adam Gacki (together, the Gackis) appeal from the August 31, 2015, final order of the Court of Common Pleas of Northampton County (trial court) denying the Gackis' motion for post-trial relief from the trial court's November 14, 2014, order granting Lower Mount Bethel Township's (Township) motion for judgment on the pleadings and from the trial court's May 27, 2015, order granting the Township's request for attorney fees, a permanent injunction, and the imposition of fines.  We affirm.


        The Gackis own contiguous parcels of real property at 5651 and 5659 Delhaven Road in Bangor (collectively, Property).  The Property fronts the Delaware River and is within the jurisdiction of the Township, a second class township in Northampton County.  On June 28, 2011, the Township's Floodplain Administrator sent the Gackis a Violation Notice informing them that they were in violation of

sections 1.01, 2.01, 2.02, 2.03, and 2.04 of the Township's Floodplain Management Ordinance (Ordinance) for constructing a concrete retaining wall and backfilling the Property, which is in the Delaware River's floodplain, without submitting a permit application and supporting documentation to the Township. (Township's Am. Compl.; Ex. A.) The Violation Notice notified the Gackis that they had 30 days to submit a permit application for the retaining wall and backfill, submit a permit application to remove these structures, or appeal the Violation Notice to the Lower Mount Bethel Zoning Hearing Board (ZHB). (*Id.*) The Gackis never submitted a permit application or appealed to the ZHB.

On April 12, 2013, the Township filed a zoning enforcement action against the Gackis with a magisterial district judge. On July 9, 2013, the magisterial district judge entered a judgment against the Gackis in the amount of $1,230.10. Thereafter, the Gackis appealed the magisterial district judge's judgment to the trial court.

On October 3, 2013, the Township filed an amended complaint seeking fines, attorney fees, and a permanent injunction in relation to the Gackis' ongoing violations of the Ordinance. The Township averred that the Gackis never applied for the necessary permits or appealed the Violation Notice to the ZHB. (Township's Am. Compl. ¶¶22-24.) The Gackis filed preliminary objections to the Township's amended complaint pursuant to Pa. R.C.P. No. 1028(a),[1] asserting that the Township

---

[1] Pa. R.C.P. No. 1028(a) provides, in relevant part:

    (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

**(Footnote continued on next page…)**

lacked subject matter jurisdiction and the capacity to sue because the retaining wall and backfill are located outside of the Township's geographic jurisdiction. (Gackis' Prelim. Obj. at 2-3.) Specifically, the Gackis alleged that the structures were located in the Delaware River, which they argued is outside of the Township's boundaries and subject to federal jurisdiction. (*Id.*)

The trial court overruled the Gackis' preliminary objections. In overruling the Gackis' objection that the Township lacked the capacity to sue, the trial court noted that the Township's boundary is the middle of the Delaware River and that the Township's jurisdiction over the bed of the Delaware River extends to the river's New Jersey shore. (Trial Ct. Order, 2/5/14, at 4-5.) The trial court stated that the retaining wall and backfill are located on the Gackis' river-front Property in the Township and, thus, within the Township's geographic jurisdiction. (*Id.*) Therefore, the trial court determined that the Township "unquestionably has the capacity to sue" to enforce its Ordinance as to the retaining wall and backfill.[2] (*Id.* at 6.)

---

**(continued…)**

> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant . . . .
>
> . . .
>
> (5) lack of capacity to sue . . . .

[2] In overruling the Gackis' preliminary objection as to the Township's subject matter jurisdiction, the trial court stated "[w]e do not understand this Preliminary Objection" because an objection in regard to subject matter jurisdiction "should properly question the jurisdictional authority of the [trial court] rather than the authority of the [Township] to bring suit." (Trial Ct. Order, 2/5/14, at 3.) The trial court noted that the Gackis' argument as to subject matter jurisdiction **(Footnote continued on next page…)**

3

On March 13, 2014, the Gackis filed an answer and new matter. In response to the Township's averments that the Gackis never applied for the necessary permits or appealed the Violation Notice to the ZHB, the Gackis' answer stated:

> Denied. The allegations and averments of Plaintiff's paragraph . . . constitute conclusions of law and pursuant to the Pennsylvania Rules of Civil Procedure, no answer is required. Hence, same are denied and strict proof thereof is demanded at the time of trial, if relevant. . . .

(Gackis' Answer ¶¶22- 24.) In new matter, the Gackis reiterated the jurisdictional arguments that they raised in their preliminary objections. (Gackis' New Matter ¶¶11, 13.)

On April 16, 2014, the Township filed a motion for judgment on the pleadings, requesting fines, attorney fees, and a permanent injunction directing the Gackis to remove the retaining wall and backfill from the Property. In its motion, the Township contended that "[t]he Gackis admit that they never appealed the [Violation] Notice to the Township's [ZHB]. Gacki Answer ¶24 ('a general denial or a demand for proof . . . shall have the effect of an admission.' Pa. R.C.P. No. 1029)." (Township's Mot. ¶11.)

By order filed November 14, 2014, the trial court granted the Township's motion for judgment on the pleadings. (Trial Ct. Order, 11/14/14, at 2.)

---

**(continued…)**

"appears to blend together" with their argument that the Township lacked the capacity to sue. (*Id.* at 4-5.)

The trial court stated that the Gackis failed to appeal the Violation Notice to the ZHB and, thus, the trial court was precluded from reviewing the Violation Notice. (*Id.*) Thus, the trial court granted the Township's motion and scheduled a hearing to assess penalties. (*Id.*)

At the May 12, 2015, penalty hearing, the Gackis' counsel stipulated that the $20,430.82 in attorney fees requested by the Township was "accurate, reasonable and at their hourly rate for the services performed."[3] (N.T., 5/12/15, at 12.) On May 27, 2015, after conducting a penalty hearing, the trial court ordered the Gackis to pay fines totaling $1,200, attorney fees totaling $20,430.82, and directed the Gackis to remove the retaining wall and backfill within 30 days of the trial court's order. The Gackis filed a motion for post-trial relief on June 8, 2015, and the trial court held a hearing on the motion on July 28, 2015. On August 31, 2015, the trial court entered a final order denying the Gackis' motion for post-trial relief. Thereafter, the Gackis filed a notice of appeal with this court.

## 1. Preliminary Objection

First, the Gackis argue that the trial court erred in overruling their preliminary objection[4] that the Township lacked the capacity to sue the Gackis in

___

[3] The Township's requested attorney fees were based on the services that its attorneys billed from June 28, 2011, through May 6, 2015. (Trial Ct. Order, 5/27/15, at 3; Ex. T-1.)

[4] "Our review of a trial court's ruling on preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law or whether constitutional rights were violated." *City of Philadelphia v. Borough of Westville*, 93 A.3d 530, 532 n.3 (Pa. Cmwlth. 2014).

regard to the retaining wall and backfill because the structures are located outside of the Township's geographic jurisdiction.[5] Specifically, the Gackis argue that the federal government has jurisdiction over the retaining wall and backfill because the structures are located in the Delaware River, which the Gackis argue is subject to federal jurisdiction. We disagree.

Pursuant to 43 U.S.C. §1311(a), the federal government granted states authority over the land beneath navigable waters within the states' boundaries.[6] The Delaware River is "a navigable co-terminous stream between New Jersey and Pennsylvania." *Tinicum Fishing Company v. Carter*, 61 Pa. 21, 30 (Pa. 1869). At common law, Pennsylvania and New Jersey each had title over the bed of the Delaware River "from their respective shores to the middle of the river." *Id.* Section 301 of the Second Class Township Code (Code)[7] provides that where a navigable

---

[5] The Gackis also argue that the trial court erred in overruling their preliminary objection alleging that the Township lacked subject matter jurisdiction. However, the Gackis' argument misconstrues the nature of subject-matter jurisdiction. Subject-matter jurisdiction is "[j]urisdiction over the nature of the case and the type of relief sought; the extent to which a *court* can rule on the conduct of persons or the status of things." Black's Law Dictionary 931 (9th ed. 2009) (emphasis added). Here, the Gackis' argument relates to the Township's geographic jurisdiction, which is distinct from subject-matter jurisdiction. Thus, the trial court did not err in overruling this preliminary objection.

[6] 43 U.S.C. §1311(a) provides:

> It is determined and declared to be in the public interest that (1) title to and ownership of the lands beneath navigable waters within the boundaries of the respective States, . . . and (2) the right and power to manage, administer, lease, develop, and use the said lands and natural resources all in accordance with applicable State law be . . . vested in and assigned to the respective States . . . .

[7] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§65101-68701.

stream separates a second class township from another municipal corporation, "the middle of the stream is the boundary between the township and the opposite municipal corporation." 53 P.S. §65301. Section 1811 of a 1786 compact between the Commonwealth and the State of New Jersey[8] (Interstate Compact) extended the geographic jurisdiction of Northampton County and its constituent townships:

> [I]n cases civil as well as criminal . . . [t]he bed of the [Delaware] [R]iver, and the islands and dry land within the same, so as aforesaid assigned to and belonging to this state, lying and being northerly of a north-easterly line from the extremity of the boundary line between the counties of Bucks and Northampton, at the bank of the river Delaware, *to be extended across the said river unto the shore of New Jersey, shall be deemed to be . . . parts of the county of Northampton, and of the several adjoining townships* and precincts of the same county, lying along the said river.

71 P.S. §1811 (emphasis added).

Here, the Delaware River is a navigable water and, thus, federal law grants the Commonwealth authority over the portion of the river bed that is within the Commonwealth's boundaries. The boundary of the Township and the Commonwealth is the middle of the Delaware River, and the Gackis do not argue that the retaining wall and backfill are located beyond this boundary. Even if these structures were located beyond the middle of the river, the Township would maintain jurisdiction to enforce its Ordinance as to the structures pursuant to section 1811 of the Interstate Compact. Therefore, because the retaining wall and backfill are within

---

[8] Act of September 25, 1786, 2 Sm.L. 388, 71 P.S. §1811.

the Township's boundaries or geographic jurisdiction, the trial court did not err in overruling the Gackis' preliminary objection that the Township lacked the capacity to sue.

## 2. Judgment on the Pleadings

Next, the Gackis argue that the trial court erred and violated their right to due process by granting the Township's motion for judgment on the pleadings. We disagree.

A trial court may only grant a motion for judgment on the pleadings "where the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law." *Newberry Township v. Stambaugh*, 848 A.2d 173, 175 n.1 (Pa. Cmwlth. 2004). In an appeal from a trial court's decision granting judgment on the pleadings, this court's scope of review is plenary, and we must consider "whether the [trial] court committed an error of law or whether unresolved questions of material fact remain outstanding." *Pfister v. City of Philadelphia*, 963 A.2d 593, 596 n.7 (Pa. Cmwlth. 2009). This court "must accept as true all well-pleaded facts of the party against whom the motion is made." *Newberry Township*, 848 A.2d at 174 n.1.

> If a landowner does not appeal a zoning violation notice to the zoning hearing board, *the failure to appeal renders the violation notice unassailable*. Therefore, in the event a landowner does not appeal to the zoning hearing board and the municipality files an enforcement action with a district justice, neither the district justice nor a common pleas court may conduct a *de novo* review of the question of whether

the landowner violated the zoning ordinance. In that circumstance, the only question before the district justice and the Common Pleas Court is whether the penalty imposed for the violation was proper.

*Township of Penn v. Seymour*, 708 A.2d 861, 864-65 (Pa. Cmwlth. 1998) (emphasis added).

Here, the Gackis do not dispute that they received the Violation Notice, which stated that they had 30 days to appeal the Violation Notice to the ZHB. The Gackis never appealed the Violation Notice to the ZHB,[9] which resulted in a conclusive determination of their violation of the Ordinance. Thus, there were no unresolved questions pertaining to the underlying violation at the time the trial court entered judgment on the pleadings.[10] Additionally, the trial court's decision to enter judgment on the pleadings did not deprive the Gackis of their due process right to a

---

[9] In fact, the Gackis' Answer effectively admitted that they did not appeal the Violation Notice. "A responsive pleading shall admit or deny each averment of fact in the preceding pleading." Pa. R.C.P. No. 1029(a); *see also City of Philadelphia v. MacDonald*, 369 A.2d 1341, 1342 (Pa. Cmwlth. 1977) (holding that the City's averments that the defendants failed to appeal a tax assessment were averments of fact). "A general denial or a demand for proof . . . shall have the effect of an admission." Pa. R.C.P. No. 1029(b). Here, the Township averred that the Gackis failed to appeal the Violation Notice. The Gackis responded that the Township's averment was a conclusion of law to which no response was required and demanded strict proof. By failing to specifically admit or deny an averment of fact and demanding proof of an averment for which they had sufficient information to admit or deny, the Gackis' response constituted an admission.

[10] The Gackis do not specify any other unresolved issues of material fact other than a question of "jurisdiction." To the extent that the Gackis are referring to their argument that the retaining wall and backfill are outside of the Township's geographic jurisdiction, we reiterate our conclusion that the trial court properly rejected this argument in its order denying the Gackis' preliminary objections.

9

hearing; rather, the Gackis forfeited this right by failing to appeal the Violation Notice to the ZHB. Therefore, the trial court did not err in granting the Township's motion for judgment on the pleadings.

**3. Attorney Fees**

Next, the Gackis argue that the trial court abused its discretion in awarding the Township $20,430.82 in attorney fees. We disagree.

Section 617.2(a) of the Pennsylvania Municipalities Planning Code (MPC)[11] provides that any person who has violated the provisions of a zoning ordinance enacted under the MPC "*shall*, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay . . . reasonable attorney fees incurred by a municipality as a result thereof." 53 P.S. §10617.2(a) (emphasis added). "[A]n award of costs and attorney fees pursuant to [s]ection 617.2 of the MPC is not limited to costs and fees incurred as a result of the action before the district justice but includes all costs and attorney fees incurred as a result of the violation." *Borough of Bradford Woods v. Platts*, 799 A.2d 984, 991 (Pa. Cmwlth. 2002). Whether an award of attorney fees is reasonable depends upon "the amount of work performed, the character of services rendered, the difficulty of the problems involved, and the professional skill and standing of the attorney in the profession." *Township of South Whitehall v. Karoly*, 891 A.2d 780, 784 (Pa. Cmwlth. 2006). The trial court has discretion to decide the reasonableness of an award of attorney fees,

---

[11] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329.

10

and an appellate court should not alter the trial court's decision absent a clear abuse of discretion. *Borough of Bradford Woods*, 799 A.2d at 991.

Here, the trial court was required to award the Township attorney fees under section 617.2 of the MPC because the Gackis' failure to appeal the Violation Notice resulted in a conclusive determination of their violation of the Ordinance. The trial court's specific award of $20,430.82 in attorney fees reflects the volume of work that the Township's attorneys billed throughout the enforcement proceedings, which began when the Township sent the Gackis the Violation Notice on June 28, 2011, and continued through the trial court's May 27, 2015, order awarding attorney fees. Additionally, the Gackis' counsel stipulated at the May 12, 2015, penalty hearing that the Township's requested award of $20,430.82 in attorney fees was reasonable. Therefore, the trial court did not abuse its discretion in assessing the Gackis $20,430.82 in attorney fees.

## 4. Injunctive Relief

The Gackis argue that the trial court erred in granting the Township's request for a permanent injunction directing the Gackis to remove the retaining wall and backfill because a hearing is required to determine whether the Gackis violated the Ordinance. We disagree. Pursuant to section 1601(c.1)(4) of the Code, 53 P.S. §66601(c.1)(4), "[o]rdinances may be enforced by a township through an action in equity brought in the court of common pleas of the county where the township is situate." Section 617 of the MPC provides:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body . . . may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land . . . .

53 P.S. §10617. Thus, the trial court properly grants a request for injunctive relief pursuant to section 617 of the MPC if the municipality has shown "that there was a 'violation or proposed violation of some specific provision of the zoning ordinance.'" *Township of Little Britain v. Lancaster County Turf Products, Inc.*, 604 A.2d 1225, 1228 (Pa. Cmwlth. 1992) (citation omitted). Here, the Gackis violated the Ordinance by constructing the retaining wall and backfilling the Property without applying for a permit. The Gackis' failure to appeal the Violation Notice resulted in a conclusive determination of these violations. Therefore, the trial court did not err in granting a permanent injunction directing the Gackis to remove the retaining wall and backfill.

## 5. Fine

Finally, the Gackis argue that the trial court abused its discretion in imposing a $1,200 fine.[12] We disagree. Section 2.10(B) of the Ordinance provides:

---

[12] The trial court stated that it was imposing a fine pursuant to section 1601(c.1)(1) of the Code, which provides in relevant part:

> An ordinance which is to be enforced through a civil enforcement proceeding may prescribe civil penalties not to exceed six hundred dollars ($600) per violation . . . . [W]here a penalty for a violation of a township ordinance has not been timely paid and the person upon whom the penalty was imposed is found to have been liable therefor in civil proceedings, the violator shall be liable for the penalty imposed, including additional daily penalties for continuing violations . . . .

**(Footnote continued on next page…)**

12

> Any person who fails to comply with any or all of the requirements of this Ordinance . . . shall be guilty of an offense and, upon conviction, shall pay a fine to Township of not less than Four Hundred ($400.00) Dollars nor more than One Thousand ($1,000.00) Dollars, plus costs of prosecution. . . . Each day during which any violation of this Ordinance continues shall constitute a separate offense . . . .

Section 617.2(a) of the MPC provides that any person who has violated the provisions of a zoning ordinance "shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 . . . . Each day that a violation continues shall constitute a separate violation." 53 P.S. §10617.2(a). Here, the Township requested that the Gackis be fined for each of the 687 days that the Gackis remained in violation of the Ordinance after the magisterial district judge's July 9, 2013, judgment. Considering that the Gackis could have been fined a minimum of $400 per day, under these circumstances, the trial court did not err in imposing a $1,200 fine on the Gackis.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

**(continued…)**

53 P.S. §66601(c.1)(1) (emphasis added). Section 1601(c.1)(1) of the Code merely enables a township's *ordinance* to prescribe fines, which the Ordinance here does. Therefore, the trial court should have assessed fines pursuant to the Ordinance rather than section 1601(c.1)(1) of the Code.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lower Mount Bethel            :
Township                     : No. 1782 C.D. 2015
                                 :
                 v.             :
                                 :
Barbara Gacki and Adam Gacki,    :
                                 :
              Appellants     :

O R D E R

AND NOW, this 30<u>th</u> day of <u>November</u>, 2016, we hereby affirm the August 31, 2015, order of the Court of Common Pleas of Northampton County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge