# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 481 C.D. 2022 |
| | : | SUBMITTED: October 10, 2023 |
| Joseph G. Markle | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED: November 3, 2023**

The Commonwealth appeals the order of the Court of Common Pleas of Berks County sustaining the summary appeal of Joseph G. Markle (Landowner) and finding him not guilty of violating provisions of the Muhlenberg Township Zoning Ordinance.[1]  We vacate the order and remand to the trial court with instructions to dismiss the enforcement action.

---

[1] Although the terminology and procedure, including the docketing, used by the trial court suggests that this matter is criminal in nature, enforcement actions under the Pennsylvania Municipalities Planning Code (MPC) and the Muhlenberg Township Zoning Ordinance are civil proceedings.  Section 617.2(a) of the MPC, Act of July 31, 1968, P.L. 805, *as amended*, added by Section 62 of Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10617.2(a) ("Any person . . . who . . . has violated . . . the provisions of any zoning ordinance enacted under this act . . . shall, upon being found liable therefor in *a civil enforcement proceeding* commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof") (emphasis supplied); Muhlenberg Township Zoning Ordinance § 355-147(a) (also referring to civil enforcement proceeding) https://ecode360.com/34547083 (retrieved Nov. 2, 2023).

**(Footnote continued on next page…)**

In February 2021, Landowner was notified by Muhlenberg Township's zoning and codes officer of various violations involving the presence of vehicles on his property under the Township's zoning ordinance. (Reproduced Record "R.R." at 76.) The letter required Landowner to abate the violations within 15 days and further informed him that failure to comply might result in penalties under the zoning ordinance and of his right to appeal pursuant to the zoning ordinance. The notice of his right to appeal read as follows: "[y]ou have the right to appeal this notice, provided that a written application for appeal is filed in accordance with the Muhlenberg Township Zoning Ordinance Section 355-145."[2] (R.R. at 76.) The violation letter did not state to whom an appeal should be filed or by what date. On March 11, 2021, the zoning officer filed a citation with the magisterial district judge charging the noted violations. (Original R.[3]) Landowner pled not guilty. After a

Furthermore, although we refer to the "Commonwealth" in accordance with the caption and the record, it is the Township which may pursue civil enforcement of the violation before a magisterial district judge.

[2] Section 355-145 of the Ordinance reads as follows:

> A. All appeals concerning the review, application, interpretation and decisions authorized by this chapter of the Code shall be in accordance with the appropriate provisions that are established within the Muhlenberg Township Code and the [MPC].
>
> B. All appeals concerning an alleged error in the processing or enactment of any components of this chapter of the Code shall be raised by appeal taken directly from the action of the Board of Commissioners to the appropriate court, which shall not be filed later than 30 days from the effective date of this chapter of the Code.

Muhlenberg Township Zoning Ordinance § 355-145 (relating to appeals).

[3] The citation and other records before the magisterial district judge are not present in the reproduced record. Thus, we have resorted to citing the original record, which is not paginated.

summary trial, the district judge found Landowner guilty and imposed fines, costs, and fees.

Landowner appealed the matter to the trial court. After a trial *de novo* the trial court found Landowner not guilty, determining that the violations were pre-empted by Landowner's non-conforming use, which pre-existed the 2004 enactment of the relevant provisions of the zoning ordinance, citing our decision in *Hafner v. Zoning Hearing Board of Allen Township*, 974 A.2d 1204 (Pa. Cmwlth. 2016). The Commonwealth appealed the trial court's order and the trial court directed the Commonwealth to file a concise statement of errors complained of on appeal, with which the Commonwealth complied. In a memorandum opinion issued under Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a), the trial court rejected the Commonwealth's arguments.

On appeal, the Commonwealth raises a single issue: whether Landowner's failure to appeal the notice of violation to the Township's Zoning Hearing Board precludes him from later challenging the enforcement action. (Commonwealth's Br. at 6.)

It is true that our cases have held that a landowner's failure to appeal a zoning officer's notice of violation to a zoning hearing board renders the officer's determination of violation binding and unassailable, depriving the magisterial district judges and the courts of common pleas of the ability to conduct a *de novo* review on the question of whether the landowner violated the ordinance in question, leaving only the propriety of the penalty imposed subject to review. *See, e.g., Lower Mt. Bethel Twp. v. Gacki*, 150 A.3d 575, 580 (Pa. Cmwlth. 2016). The Commonwealth relies with particularity upon our recent, unreported decision in *Commonwealth v. Litman* (Pa. Cmwlth., Nos. 499 C.D. 2021, 525 C.D. 2021, 555

3

C.D. 2021 and 554 C.D. 2021, filed May 6, 2022),[4] wherein we held that the property owners' "failure to appeal to the [z]oning [b]oard rendered the [t]ownship's violation notice immune from any attack, even on constitutional grounds." *Id.*, slip op. at 19. However, we also stated:

> On the other hand, "[a] municipality's failure to comply with Section 616.1[5] precludes it from seeking penalties under Section 617.2 of the MPC."[6] [] In short, a municipality cannot initiate a civil enforcement proceeding "with a district [judge] unless an enforcement notice that complies with the requirements of the MPC has first been issued."

*Id.*, slip op. at 9 [quoting *Twp. of Lower Milford v. Britt*, 799 A.2d 965, 968 (Pa. Cmwlth. 2002)]. Section 616.1(c) of the MPC provides that "an enforcement notice shall state *at least* the following: . . . (5) [t]hat the recipient of the notice has the right to appeal *to the zoning hearing board within a prescribed period of time* in accordance with procedures set forth in the ordinance." 53 P.S. § 10616.1(c)(5) (emphasis supplied).

Here, Landowner, who is *pro se*, complains about the sufficiency of the notice of the violation, albeit somewhat confusingly. Nevertheless, the notice relied upon by the Commonwealth is clearly deficient, both because it fails to state that it is to the Zoning Hearing Board to which the violation notice must be appealed and because it fails to provide a time within which the appeal must be filed. This failure

---

[4] Parties may cite an unreported panel decision of this Court issued after January 15, 2008 for its persuasive value, but not as binding precedent. *See* Pennsylvania Rule of Appellate Procedure 126(b)(1), Pa. R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a).

[5] Section 616.1 of the MPC, added by Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10616.1.

[6] *See supra* note 1.

to conform is fatal to the Commonwealth's reliance on the violation notice to proceed to an enforcement action. As such, the proper remedy would have been for the trial court to dismiss the enforcement action.

As such, we vacate the order of the trial court and remand for the trial court to dismiss the enforcement action against Landowner.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,     :
               Appellant     :
                             :
          v.              :    No. 481 C.D. 2022
                             :
Joseph G. Markle                  :

## **O R D E R**

AND NOW, this 3rd day of November, 2023, the order of the Court of Common Pleas of Berks County is VACATED and the matter is REMANDED with instructions to dismiss the enforcement action.

Jurisdiction is RELINQUISHED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita